## L. A. DAVIS, adm'x, v. CHAS. H. DAVIS.

In a suit on an obligation by private writing, the plaintiff is not required to prove defendant's signature, unless it be expressly denied: and if a judgment by default be taken, it is, in legal intendment, a joining of issue without a denial of the signature.

When plaintiff prayed, in an amended petition, that defendant might be ordered to declare, on oath in open Court, on a day to be fixed, whether a certain account was not correct—a judgment by default cannot be confirmed on the day after the filing of such petition, without any day having been fixed for defendant to answer, and without answer to the interrogatories.

APPEAL from the District Court, Sixth District, Parish of East Baton Rouge, *Burk*, J. No Counsel appeared for the plaintiff. *Ratliff*, for defendant and appellant.

ROST, J. This is a suit upon three promissory notes of the defendant, and also upon an account for medicines furnished, and fifty dollars, money loaned. The plaintiff took a judgment by default, which was made final after the legal delays. The defendant has appealed, and alleges, as a ground of error in this Court, that no part of the plaintiff's claim was proved, as required by article 312 of the Code of Practice.

The claim for money loaned was not allowed by the District Court. It is, therefore, unnecessary to consider it.

It is true that article 312 of the Code of Practice provides, that the plaintiff must prove his demand in all cases; but it is also true that under the dispositions of arts. 324 and 325 of the same Code, when the demand is founded upon an obligation under private signature, which is alleged to have been signed by the defendant, he is bound to declare, in his answer, whether or not he acknowledges his signature, and that the plaintiff is only called upon to prove it when it is expressly denied. In legal intendment, the issue in this case was formed when the judgment by default was entered on the records of the Court, and as on such an issue, there is no express denial of the defendant's signature, this Court has held, on a former occasion, and is still of opinion, that it need not be proved. See 7th Annual, p —

The plaintiff filed an amended petition, praying that the defendant might be ordered to declare on oath in open Court, on a day to be appointed by the Court, whether the account of medicines, annexed to the original petition, was not correct, and the day after the filing of this petition, without any time having been fixed, or any answer made to the interrogatories, the judgment by default was made final, and the amount to which they had reference, appears to have

DAVIS
v.
DAVIS.

been allowed. This allowance was evidently premature, and the defendant is entitled to relief *pro tanto.*

It is ordered that the judgment be reversed.

It is further ordered that the judgment be rendered in favor of the plaintiff, in her capacity as administratrix, and against the defendant, *Charles H. Davis*, for the sum of nine hundred and five dollars, twenty-eight cents, with 8 per cent. interest on six hundred and seventy dollars and fifty cents, from 1st January, 1851, until paid, and interest, at the same time, on one hundred and nineteen dollars and seventy-eight cents from the 15th May, 1851, and legal interest from judicial demand on one hundred and fifteen dollars.

It is further ordered, that for the sum of sixty-four dollars and seventy-two cents there be judgment against the plaintiff as of nonsuit.

It is further ordered that the defendant pay the costs of the District Court. Those of this appeal to be paid by the plaintiff and appellee.