GEORGE ASH ET UX, v. ARTHUR BLANCHARD ET AL.

Decided October 20, 1924.

Negligence—Motor Vehicle Collision—Defendants' Counter-claim—Judgment for Plaintiff—Rules Obtained by Both Sides—Examination of Testimony Justifies Conclusion that One Side was as Much to Blame as the Other—Defendants' Rule Made Absolute, Plaintiffs' Rule Discharged.

On defendants' rule to show cause. Rule to show cause allowed to plaintiff George Ash.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiffs, *William B. Gourley.*

For the defendants, *William E. Holmwood.*

PER CURIAM.

This is an action brought by the plaintiff Ash and his wife to recover compensation for injuries to person and property resulting from a collision between an automobile belonging to the husband and driven by him and an automobile owned by the defendant Arthur Blanchard, and driven by his nephew Clinton, a co-defendant. The collision occurred at the intersection of Passaic avenue and Bloomfield avenue, in the township of West Caldwell, on the 28th of June, 1922. The basis of the plaintiffs' claims was that the collision was solely the result of the carelessness of Clinton Blanchard in the driving of his car. The defendants denied this averment in the plaintiffs' complaint, asserting that the collision was the result of the carelessness of the plaintiff Ash in the driving of his car, and counter-claimed for damages resulting to the defendants' car from the collision. None of the parties were satisfied with the verdict, which was for the plaintiffs, George

Ash and wife, contending that the award was inadequate and applying for and obtaining a rule to show cause for this reason, the defendants contending that the finding of liability against them was contrary to the weight of the evidence, and applying for and obtaining a rule to show cause why the verdict should not be set aside for this reason.

We have examined the testimony in this case with considerable care, and as a result of that examination conclude that the testimony justifies us in saying that Ash was as much to blame for the collision as Blanchard. At the intersection of the two streets Blanchard, under the Motor Vehicle law, had the right of way, providing he was traveling at a lawful speed, and was entitled to assert that right unless by doing so he placed others in jeopardy. There is no reason why Ash should not have observed the Blanchard car as it approached the intersection, if he had used due care in making observation, and have avoided a collision if he had his car under proper control. Moreover, even if be true, as he asserts, that the Blanchard car was traveling at a speed in excess of that which the law permits, that fact did not justify him in attempting to cross the intersecting street without first making proper observation.

We conclude, for this reason, that the defendants' rule to show cause should be made absolute, and that the rule allowed to the plaintiff Ash should be discharged.