No. 730

First Circuit

GORDY v. CALCASIEU GIN CO., INC.
(Two Cases)

(January 26, 1931. Opinion and Decree.)

Nugier & Gordy, of Abbeville, attorneys for plaintiffs, appellees.

F. J. Samson, of Abbeville, attorney for defendant, appellant.

LeBLANC, J. These two suits against the same defendant grow out of an automobile collision which occurred just east of the limits of the town of Abbeville, on

the State highway, at about six o'clock of the afternoon of August 21, 1929.

The claim of Walter H. Gordy is for damages to his automobile and for loss of its use, the whole amounting to the sum of $829. That of Mrs. Laura P. Gordy, is for personal injuries in the sum of $1,000.

The judgments in the lower court were in favor of the plaintiffs; the one in favor of Walter H. Gordy being for the sum of $500 and that in favor of Mrs. Laura P. Gordy for the sum of $200. In the appeals taken to this court by defendant, it has not asked for a reduction of the amounts allowed, nor have the plaintiffs asked for an increase. The only issue therefore is the one of liability or not on the part of the defendant because of the alleged negligence of the driver of a Chrevolet coupe automobile owned by it.

Walter P. Gordy was the owner of a Studebaker sedan automobile of the type known as "Commander," model 1927. On the day and at the time of the accident, it was being driven by his wife, Mrs. Claudia P. Gordy, who had as her guest, and occupying the front seat with her, her sister, Mrs. Laura P. Gordy. Near the place where the collision between the two cars took place, several roads join the highway.

Mrs. Gordy and her sister were driving east out of the town of Abbeville and the driver of the car belonging to defendant, Mr. Z. J. Guidry, was driving west, toward the town. Both cars were being driven at a moderate rate and neither driver is charged with driving at an excessive, speed. The plaintiffs charge the driver of defendant's car with negligence in the "careless, wrongful, reckless and inexpert operation" of the Chevrolet coupe which

resulted in his running into the Studebaker sedan causing the damage complained of. The defendant places the blame for the accident on the driver of another automobile, Dr. M. A. Young, who was coming south on one of the lateral roads which intersects the highway on which they were traveling, and who, it is alleged failed to stop before entering the highway, so as to let the approaching cars pass. It is further alleged that, on realizing that he would inevitably collide with the Young car, unless he slackened his speed, not being able to pass it in face of the approaching Studebaker, the driver of defendant's car immediately applied the brakes with a view of stopping his car, and that the sudden application of the brakes caused it to skid to the left of the road and it was there run into by plaintiff's car which dragged it for a distance of approximately twenty-five feet. Defendant also charges Mrs. Claudia Gordy, driver of the Studebaker with not keeping the proper lookout; in driving her car in excess of the maximum speed limit of twelve miles an hour as fixed by the ordinance of the town of Abbeville, and in not having her car under proper control and being able to stop it or swerve to her left in order to avoid the collision.

There is little, or we may say no, dispute about the facts except for the denial by Dr. Young that there was ever any danger of the Chevrolet coupe of defendant running into his car.

The testimony of Mrs. Walter Gordy is that as they were going around a curve they noticed the coupe coming from the opposite direction, and the next thing she knew it was directly in front of her, just about ten or fifteen feet from her; that she immediately put the brakes on her car but could not possibly avoid running into

the coupe. Mrs. Laura Gordy says that both cars were being driven on their respective right side of the road and that when within a distance of about fifteen feet from them, the coupe suddenly swerved completely across the road and found itself directly in their path. There was no chance of them stopping, although Mrs. Walter Gordy applied her brakes, nor was there any possibility of her driving to the left to avoid striking the coupe as it all happened so unexpectedly.

This testimony points to the negligence of Guidry in driving an automobile with defective brakes as being the proximate cause of the accident. The faulty condition of the brakes caused the steering apparatus to lock and as it did so, he lost control in the guiding of the car. He, in fact, admits as much, and acknowledged to these two ladies immediately after the accident that it was his fault. He again made the same admission to Mrs. Walter Gordy in a telephone conversation a few days afterwards, and told her that if the insurance company which carried the liability on the car he was driving would not pay for the repairs, he personally would do so.

That Guidry knew of the defective condition of the brakes on the Chevrolet coupe before the accident is borne out by the testimony of G. E. Welch, the mechanic to whom he entrusted his car for repair after the collision. This witness says that he told him to repair the damage done by the collision and particularly requested that he look over the brakes, as they had locked on him that morning. The mechanic did examine the brakes and found such a defect as might cause them to lock at any time and the car would then have a tendency to go to the left. This is just what happened at the moment of this accident. It was negligence, in view of this knowledge he had, for this agent of the defendant to operate the car in that condition on the highway, and for his negligence, defendant is answerable for the damage occasioned by the collision.

There was no error in the judgment of the lower court in either case and that in favor of Walter H. Gordy in the sum of $500 is hereby affirmed. Appellant to pay all costs of this appeal.