## LUETKENHOELTER v. CLEMENTS.

### No. 4369.

Court of Appeal of Louisiana. Second Circuit.

Nov. 10, 1932.

Thatcher, Browne, Porteous & Myers, of Shreveport, for appellant.

Stephens & Stephens, of Coushatta, for appellee.

DREW, J.

Plaintiff sued for damages alleged to have grown out of a collision of his automobile with a truck under the control of defendant. He alleged he was traveling north on highway No. 71 at a reasonable rate of speed and passing through the village of East Point, when a gravel truck, hauling gravel for defendant, was driven into the highway without warning and without the driver looking to see what might be coming; that the truck drove directly in front of petitioner, so close to him as to make it impossible for petitioner to stop his car before striking the said truck. He alleged further negligence on the part of defendant in not placing warning signs to notify other travelers on the highway that work was being done thereon. He further alleged that the collision occurred where Route No. 71, through East Point, intersected the side road running across the railroad track in the village of East Point, Red River parish, La.

Defendant denied every allegation of the petition, and averred that he was not the owner of the truck used to haul gravel; that it was owned by one Ira Blanchard to whom defendant had let a contract to haul gravel at a stipulated price; that Blanchard was an independent contractor over whose actions and over the actions of the driver of said truck defendant exercised no control as principal, employer, or master, and had no right to exercise any.

In the alternative, he alleged that plaintiff was driving his car at an excessive rate of speed, between 45 and 50 miles per hour, just prior to and at the time of the accident; and that at the time of the collision, the truck was at least halfway across the intersection when, without slowing up or changing his course, the plaintiff carelessly and negligently drove his car squarely into the side of said truck. He further alleged in the alternative that if plaintiff had been keeping a proper lookout and had had his car under control and had been traveling at a proper rate of speed, he could have avoided the collision with said truck, either by stopping his car or by going around the truck; and in any event, his failure in these respects was contributory negligence and a contributing cause to the ac-

cident, and that he had the last clear chance to avoid the collision.

The lower court rendered judgment in favor of plaintiff, as prayed for, and defendant has appealed to this court.

■ The accident occurred at a point where highway No. 71, running north and south, is intersected by highway No. 99½, running east and west. Highway No. 99½ does not extend to the west of highway No. 71; it begins at No. 71 and runs east from that point. On the west of No. 71, there is a continuation of the highway No. 99½, either under a different number or no number at all, and this road is a dirt road. Nos. 71 and 99½ were both graveled highways. The road which is a continuation of No. 99½ goes over the railroad track 18 or 20 feet west of No. 71 and continues westward.

"Intersection" is defined by Act No. 296 of 1928 (section 2, subds. n, p), as follows:

"The area embraced within the prolongation of the lateral curb lines, or, if none, then the lateral boundary lines of two or more highways which join one another at an angle, whether or not one such highway crosses the other."

"Highway" is defined by the same act to be:

"Every way or place of whatever nature, open to the use of the public, as a matter of right, for purposes of vehicular travel. The term 'highway' shall not be deemed to include a roadway or driveway upon grounds owned by private persons, colleges, universities or other institutions."

Therefore, the place of the accident was an intersection of two highways. Paragraph 3 of subdivision b of section 5 of Act No. 296 of 1928 fixes the speed limit in certain instances when approaching an intersection of highways, as follows:

"Fifteen miles an hour when approaching within 50 feet and in traversing an intersection of highways when the driver's view is obstructed. A driver's view shall be deemed to be obstructed when at any time during the last 50 feet of his approach to intersection, he does not have a clear and uninterrupted view of such intersection and of the traffic upon all of the highways entering such intersection for a distance of 200 feet from such intersection."

The record discloses that when plaintiff was approaching the intersection and within fifteen feet of such intersection, his view was obstructed; he could not see 200 feet distant on the road to the west of the highway (No. 71), and the speed limit of 15 miles per hour therefore applied to him.

■ The gravel truck had been loaded and was traveling toward the intersection. When it came over the railroad track, it was a distance of 18 to 20 feet from the intersection, and the evidence shows that the truck driver attempted to stop, but, due to the heavy load and the decline in the road, did not succeed until his truck was about the center of the intersection, where plaintiff's car collided with it. There is no evidence that the truck was exceeding the speed limit of 15 miles per hour. The record discloses that plaintiff was traveling at least 40 miles per hour, and was therefore exceeding the speed limit at that point. The truck driver's actions when arriving at the top of the railroad track, in applying his brakes, clearly show that he saw that which he should have seen and fully realized that he could not enter the intersection without being collided with by plaintiff. He did just what he should have done under the circumstances, but unfortunately his brakes did not hold, either due to defective brakes or excessive loading, either of which constituted negligence and contributed to the proximate cause of the accident, but was not the sole proximate cause. The law required plaintiff not to exceed 15 miles per hour at that point, and if he had been observing the speed laws, the accident would not have occurred.

■ Plaintiff testified that after he applied his brakes, his car skidded 15 feet. If he had been observing the speed laws, he could have stopped easily and thereby avoided the accident. Ordinarily, the truck would have had the right of way, due to the fact that it entered the intersection first, and it was not speeding, but it was the duty of the driver to stop after realizing that he could not cross ahead of plaintiff's car. Hamilton v. Lee, 144 So. 249, decided by this court, this day.

■ Plaintiff contends that he had the right of way because he was traveling on a main highway. If he arrived at the intersection about the same time the truck did, it was due to the fact that he was violating the law by excessive speeding. He could not acquire a right in such a manner; he could not, by violating the law in regard to speeding, acquire a right he would not have had otherwise. Berry on Automobiles (6th Ed.) vol. 1, p. 888, citing Varley v. Columbia Taxicab Co. (Mo. Sup.) 240 S. W. 218; Towne v. Godeau, 70 Cal. App. 148, 232 P. 1010; Ash v. Blanchard, 126 A. 428, 2 N. J. Misc. 997.

There were two contributing causes to the accident: The defective brakes or heavy load of the truck, which prevented it from being stopped before entering the intersection; and the excessive speeding of plaintiff's car. The two constitute the proximate cause of the accident.

It is unnecessary for us to pass upon the other defense that the truck driver was an

independent contractor. Under our finding that plaintiff was guilty of contributory negligence, it bars his recovery.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court is reversed and the demands of plaintiff rejected, at his costs.