[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 746 
Along the west bank of Bayou Lafourche a paved road runs southward from Donaldsonville to Napoleonville. On the west side of and facing that road a short distance south of Donaldsonville in the Parish of Ascension is the home of Eddie Rodrigue, and in front of Mr. Rodrigue's home on the west side of the road is his mail box. From the vicinity of this mail box one has an unobstructed view of the road northward for about three or four hundred feet, but cannot see any further because of a curve in the road.
George Talbot, one of the defendants and appellees, who is a mail carrier, was driving his Dodge automobile southward along this road delivering mail. He had just dropped a letter into Mr. Rodrigue's mail box and gotten under way again when a Chevrolet automobile owned and driven by Roland Aucoin, another of the defendants and appellees, and traveling southward, ran into the Dodge from behind, glanced off of it, and collided with a truck which was proceeding in the opposite direction (northward).
The truck belonged to Angelo Russo, the plaintiff and appellant, and he was riding in it, though not driving it. In the collision he was injured and the truck damaged.
James Aucoin and Talbot Guillot, the other two defendants and appellees, were riding in the Chevrolet with Roland Aucoin at the time of the collision.
Angelo Russo brought this suit for damages for his personal injuries and other damages suffered or alleged to have been suffered by him as a result of the collision against Roland Aucoin, James Aucoin, Talbot Guillot and George Talbot.
Roland Aucoin made no appearance in the case. He was duly cited and a preliminary default was regularly entered against him.
The other three defendants filed an exception of no right or cause of action. Before the District Court acted upon that exception, the plaintiff filed a supplemental petition. James Aucoin and Talbot Guillot then filed another exception of no right or cause of action, which after argument was overruled by the trial court with written reasons. No complaint is made in this Court of that ruling, and the reasons given therefor by the trial judge appear to be correct. Therefore, we will not notice the exceptions further.
James Aucoin and Talbot Guillot filed an answer together and George Talbot filed a separate answer, and the case was tried on the merits. From the judgment rendered by the District Court, Angelo Russo appealed to this Court.
After the case had been so appealed, it was discovered that there was a typographical error in the decretal part of the judgment as a result of which there was neither any judgment for nor against George Talbot, though in his reasons for judgment the District Judge clearly showed how he intended to decide the case as to Mr. Talbot. By agreement between all parties to the suit except Roland Aucoin, whose interest was not affected, the judgment was corrected by the trial judge.
As corrected, the judgment of the trial court is in favor of the plaintiff, Angelo Russo, and against the defendant, Roland Aucoin for $4,841.23 with legal interest from judicial demand until paid and costs, *Page 747 
and in favor of the defendants, James Aucoin, Talbot Guillot and George Talbot, rejecting the plaintiff's demands against these latter three defendants. From the District Judge's reasons for judgment, it appears that the principal sum of $4,841.23 awarded by him to the plaintiff against Roland Aucoin was made up of $369 for damages to the plaintiff's truck, which was the amount claimed by the plaintiff therefor, $952.23 for medical and hospital expenses, and $3,500 for his personal injuries, pain, shock and suffering.
The proximate cause of an accident may be the negligence of one person or it may be the negligence of several people. If it is the negligence of several people, that negligence may be their joint negligence, that is, negligence in which they participate jointly, acting together, or it may be separate negligence by each of them which, combining together, produces the unfortunate result: the accident.
In the case of joint negligence of several, they are acting together in concert, and they either do something together which they should not have done or they fail to do something which, under the circumstance, they were together obligated to do.
In the case of separate negligence of several persons being the proximate cause of an accident, they are not acting in concert. Each of them is independently guilty of negligence consisting of doing something he should not have done or failing to do something he should have done. However, their separate negligence has been by unfortunate circumstances combined to produce the accident. A good example of an accident caused by the separate negligence of several persons is a collision between two vehicles caused by negligence of both drivers. Each driver in committing his negligence, acts independently of the other, but the combination of their independent negligence results in the collision.
When the negligence of one person alone is the sole proximate cause of an accident, he is liable to anyone who suffers injury to his person or damage to his property as a result of the accident. When the negligence of several persons, whether their joint negligence or their separate negligence combines to form the proximate cause of an accident, the negligence of each one of them is one of the proximate causes of the accident, and he is liable to anyone who suffers injury to his person or damage to his property as a result thereof. Arnold v. Griffith, La.App., 2 Cir., 192 So. 761, 763. In other words, one whose negligence is either the sole proximate cause or one of the proximate causes of an accident is liable therefor.
However, one guilty of negligence at the time of or prior to an accident is not responsible for damages resulting from the accident if his negligence was not a proximate cause of the accident. Martin v. Jonesboro Drug Co., 2 Cir., 7 La.App. 262; Cruze v. Harvey Jones, 2 Cir., 16 La.App. 409, 134 So. 730, 732; Bethancourt v. Bayhi, La.App., Orleans, 141 So. 111, 113; Bordelon v. T.L. James Co., La.App., 2 Cir., 148 So. 484, 486; Hataway v. F. Strauss Son, La.App., 2 Cir., 158 So. 408, 411; Jacobs v. Williams, La.App., 2 Cir., 160 So. 861, 862, 863; Austin v. Baker-Lawhon Ford, La.App., 2 Cir., 188 So. 416, 419, 420. And even though one be guilty of negligence at or prior to the time of an accident, such negligence cannot possibly be the proximate cause of the accident if the accident would have happened just the same even though that negligence had not been committed. Martin v. Jonesboro Drug Co., 2 Cir., 7 La.App. 262, 265. By this, however, we must not be taken to have expressed any opinion on the converse of the latter proposition.
The brakes on Roland Aucoin's automobile were so bad that in effect they amounted to no brakes at all. Driving southward from Donaldsonville, he rounded the curve at a speed of between forty and fifty miles per hour. He then saw ahead of him Mr. George Talbot's Dodge car headed south as the Chevrolet was and Mr. Angelo Russo's truck headed north approaching the Dodge. In view of the condition of the brakes of the Chevrolet, it would have been impossible for Roland Aucoin to have stopped it before arriving at the Dodge even if he had applied his brakes as soon as he arrived at the place from which he could see the Dodge and the truck. No doubt because of a realization of this, he did not immediately apply his brakes, but instead decided to try to pass the Dodge on its left and get back to his right side of the road before the truck got too close to the Dodge for such a maneuver to be impossible without a collision. He then realized that he could not execute the maneuver *Page 748 
without a collision, and applied his brakes. They had no effect at all, and the Chevrolet continued forward at a rapid rate of speed, struck the Dodge from behind, glanced off, and continued forward and collided with the truck.
When a collision occurs while one vehicle is overtaking and passing another, under Rule 7 (c) of Section 3 of Act 286 of 1938, which was in effect when the accident involved in this case happened (as well as similar provisions of prior statutes), a prima facie presumption arises that negligence of the driver of the overtaking and passing vehicle was a proximate cause of the collision. As Roland Aucoin was overtaking and passing the Dodge automobile when the collision occurred, there is a prima facie presumption that negligence on his part was a proximate cause of the collision. This being only a prima facie presumption, of course it could be rebutted, but the evidence in this case does not rebut it. On the contrary, even without such a presumption, the evidence shows that his negligence was a proximate cause of the collision.
It is negligence for one to drive an automobile with defective brakes. Act 286 of 1938, Sec. 9; Luetkenhoelter v. Clements, La.App., 2 Cir., 144 So. 262, 263.
It is also negligence for one to drive a motor vehicle at a greater rate of speed than is prudent under the circumstances. Act 286 of 1938, Sec. 3, Rule 4 (a); Le Blanc v. Checker Cab Co., Orleans, 8 La.App., 472, 474; Overstreet v. Ober, 2 Cir., 14 La.App. 633, 130 So. 648, 650; Ledet v. Gottleber, La.App., Orleans, 143 So. 71, 72. In our opinion, when a motorist's view ahead is obstructed by a curve in the road or any other obstruction, he should drive at a speed which will permit him to stop before arriving at any vehicle, person, animal or obstruction in the road which may come into his view ahead of him as he travels and which may be either stationary, moving in the same direction he is moving, or crossing the road. For him to drive at a greater rate of speed than that under such circumstances is imprudence and negligence.
The evidence in this case clearly shows that Roland Aucoin drove his Chevrolet automobile, the brakes of which were so defective as to amount to no brakes at all, so fast around the curve north of Mr. Rodrigue's house as to be unable to stop before arriving at Mr. Talbot's Dodge automobile, although the Dodge came into his view when he was three or four hundred feet behind it. This was clearly negligence, and this negligence was a proximate cause of the collision involved in this case. So, clearly, he is liable to the plaintiff, Angelo Russo, for any damages sustained by the latter as a result of the collision.
The plaintiff also seeks to hold James Aucoin and Talbot Guillot, who were riding in the Chevrolet at the time of the collision, liable on the theory that they were engaged in a joint enterprise with Roland Aucoin, or on the theory that even though they were not engaged in a joint enterprise with him they were negligent in riding in the Chevrolet with knowledge of the defective condition of the brakes.
The evidence shows that at the time of the collision Roland Aucoin, James Aucoin and Talbot Guillot were taking a ride for pleasure in Roland Aucoin's Chevrolet automobile during their lunch hour. James Aucoin and Talbot Guillot were invited guests of Roland Aucoin, who was driving the car. No evidence whatever tending to show that either James Aucoin or Talbot Guillot had any right to control the Chevrolet or the manner of its operation was introduced, and since they were guests it is to be presumed that they had no such right. That being the case, neither James Aucoin nor Talbot Guillot can be said to have been engaged in a joint enterprise with Roland Aucoin, because in order for the operation of an automobile to be a joint enterprise or a part of a joint enterprise between two or more people, each of them must have an equal right to control the operation of the automobile. Lawrason v. Richard, 172 La. 696, 135 So. 29, 31; Lorance v. Smith, 173 La. 883, 138 So. 871, 875; Squyres v. Baldwin,191 La. 249, 185 So. 14, 19; Neuman v. Eddy, 1 Cir., 15 La.App. 45, 130 So. 247, 248; Lawrason v. Richard, 1 Cir., 16 La.App. 434, 129 So. 250, 256; Chanson v. Morgan's L. T.R. S.S. Co., 1 Cir., 18 La.App. 602, 136 So. 647, 650; Kimbro v. Holladay, La.App., 2 Cir., 154 So. 369, 372; Squyres v. Baldwin, La.App., 2 Cir., 181 So. 584, 589.
As to James Aucoin and Talbot Guillot riding in the Chevrolet with knowledge of the defectiveness of its brakes, that was negligence if they actually had such knowledge, which we need not decide. *Page 749 
If either of them was guilty of such negligence and if he had been injured in the collision, his negligence in that respect would have been one of the proximate causes of his injuries. However, the mere fact that one is riding in a motor vehicle as the guest of its driver when a collision occurs cannot possibly be one of the causes of the collision or any injury or damage resulting from the collision to the person or property of another than himself, because the collision would have occurred and the other person's person or property would have suffered the injury or damage just the same had the guest not been riding in the vehicle.
There is a conflict in the testimony of the witnesses as to the movements and position of George Talbot's Dodge automobile at the time of and immediately preceding the collision. The plaintiff contends and some of the witnesses testified that George Talbot suddenly drove his Dodge away from the mail box and into the path of the on-coming Chevrolet without giving any signal of his intention to do so when the Chevrolet had already gotten close to the Dodge. George Talbot, on the other hand, testified and contends that he looked in his rear view mirror when he started away from the mail box, that at that time the Chevrolet had not yet come into view from around the curve, and that he had traveled a distance of between fifty and seventy feet when the back of his car was struck by the Chevrolet. He is corroborated in this by other evidence. After an excellent analysis of the evidence on this point, the District Judge concluded that George Talbot's version was the correct one, and we agree with him.
Having taken the view we have taken of the evidence on this point, it is unnecessary for us to decide whether it was negligence for Mr. Talbot to drive away from the mail box without giving any signal of his intention to do so, because his failure to give such a signal could not have been a proximate cause of the accident. If he had given one, the driver of the plaintiff's truck on observing it would not have been influenced by it to do anything different from what he did. Roland Aucoin could not have been influenced by it at all for he would not have seen it because of being in the curve, and the accident would have happened just the same.
It was certainly not negligence of Mr. Talbot to drive away from the mail box as he did, for when he did so there was nothing within his range of vision, either forward or backward, which was calculated to indicate to him that there was any danger of any accident resulting from his executing that maneuver.
We, therefore, agree with the learned District Judge in his conclusions that no negligence of George Talbot was a proximate cause of the accident and that the sole proximate cause of the accident and the plaintiff's resulting injuries and damages was the negligence of Roland Aucoin. This brings us to a consideration of the amount of the judgment.
While the amounts awarded the plaintiff by the District Court for damages to his truck and for medical and hospital expenses were the amounts claimed by him, the sum of $3,500 awarded him for his personal injuries, pain, shock and suffering was considerably less than the amount claimed by him therefor, and there were several other items of damage included in his demand, which were disallowed entirely by the District Judge on the ground that they had not been proven. We agree with all of the conclusions of the District Judge with regard to the amount of the damages except that we think that the amount awarded by him for the plaintiff's injuries, pain, shock and suffering is low.
In the collision, the plaintiff was thrown to the ground, his truck turned over on top of him, and he was knocked out. He suffered cerebral contusions, a fracture of the middle third of his right femur, a fracture of the middle third of both bones of his left forearm, a fracture of the middle third of his right clavicle, a comminuted fracture of the outer aspect of his left scapula, and a fracture of his sixth rib in the left axillary line, as well as many contusions over various parts of his body. He was profoundly shocked.
He was confined to a hospital for a little over two months. After the first few hours of shock and partial unconsciousness he suffered a great deal from his many bruises and fractures, especially during the first three or four weeks following the accident. It was impossible for him to remain in any one position without suffering pain. Thereafter he continued to suffer pain, though not so acute for some considerable time, even after leaving the hospital.
He has recovered from all of his fractures with good unions except the fracture *Page 750 
of his forearm. The latter fracture is imperfectly united, as a result of which he is incapacitated from doing any heavy work with his left arm. This disability could be remedied, at least partially, by further surgical attention, though it is improbable that it could be made perfect again.
There is a possibility that he may suffer at some future time as a result of his head injury.
In view of the extent of his injuries and his suffering, we have decided that $4,500 would more nearly compensate him for them than the $3,500 allowed by the District Judge.
In his brief, counsel for the plaintiff argues that as to Roland Aucoin, the case was a confirmation of default and that by the evidence introduced by the plaintiff he made out a prima facie case against Roland Aucoin for the full amount sued for, and was, therefore, entitled to judgment against Roland Aucoin for that amount, because, he says, on confirmation of default no evidence can be considered except the evidence introduced by the plaintiff. We cannot agree with that theory. In our opinion it would be highly unjust to render judgment on confirmation of default in favor of the plaintiff and against the defaulting defendant for the full amount for which the plaintiff made out a prima facie case against him, if other evidence introduced in the case destroyed in whole or in part the prima facie case which the plaintiff had made out.
It is true that usually no evidence can be considered on confirmation of default other than the evidence offered by the plaintiff, but this does not result from any legal rule against considering other evidence. It is because there is usually no other evidence in the case.
A preliminary default is a tacit joinder of issue. C.P. Arts. 312 and 360; Davis v. Davis, 8 La.Ann. 91. And it is equivalent to an answer containing a general denial, or, what amounts to the same thing under the pleading and practice act (Act No. 157 of 1912, as amended by Act No. 27 of 1926) an answer containing a special denial of each material allegation of fact of the plaintiff's petition.
A confirmation of default or an attempt to confirm a preliminary default is a trial of the case on the merits on the issue joined by the preliminary default. It is not essentially different from any other trial except that the defaulting defendant cannot well appear to offer evidence in his defense, for if he appeared, he would have the preliminary default set aside and file an answer and there could be no confirmation of default. C.P. Art. 314.
In a case where there are two or more defendants, there is no essential difference as to joinder of issue between their each filing separate answers and some of them filing answers while others suffer preliminary defaults to be entered against them. In a case where some of the defendants have filed answers while others have suffered preliminary defaults against them to be entered, when the case is taken up on the merits on the issues thus joined between the plaintiff and the various defendants, the result is one single trial.
In any case, each defendant, regardless of whether he has filed an answer or has suffered a preliminary default to be entered against him, is entitled to the benefit of any evidence in the case, no matter by whom introduced, which tends to his advantage. To hold otherwise would be to penalize parties who suffer judgments by default to be obtained against them. The purpose of our law with regard to judgments by default is not to coerce defendants into answering suits, but only to provide a method by which plaintiffs may obtain, when defendants do not answer, such relief as they may be actually entitled to.
Therefore, the judgment appealed from is hereby amended by increasing the amount thereby awarded to the plaintiff, Angelo Russo, against Roland Aucoin, one of the defendants, to the sum of Five Thousand Eight Hundred and Forty-one and 23/100 Dollars, together with interest thereon at the legal rate from judicial demand until paid and all costs of this suit, including all costs of this appeal, and as so amended the said judgment appealed from is hereby affirmed.
DORE and OTT, JJ., concur.
Le BLANC, J., recused. *Page 751