82 So.2d 121 (1955)
Wallace WOODWARD
v.
Charles N. TILLMAN et al.
No. 4054.
Court of Appeal of Louisiana, First Circuit.
June 30, 1955.
Rehearing Denied September 15, 1955.
*122 Huckabay, Seale, Kelton & Hayes, Baton Rouge, for appellant.
Roger M. Fritchie, Baton Rouge, for appellees.
ELLIS, Judge.
This is a suit to recover damages for personal injuries, mental and physical pain and suffering, loss of wages and loss of earning power resulting from an automobile collision between the insured's automobile, in which the plaintiff was riding as a guest and an automobile driven by Willis G. Tillman. The collision occurred on the Airline Highway in East Baton Rouge Parish on March 20, 1954.
The accident took place when the insured, proceeding in his automobile in a westerly direction at approximately 60 miles per hour, applied his brakes as he approached an automobile, in the same lane, moving at a slower rate. The brakes locked and and threw his car to the left upon the neutral ground and then into the lanes for eastbound traffic. There it collided with the automobile owned and driven by Willis G. Tillman, which was proceeding at the time in an easterly direction at approximately 40 miles per hour. The plaintiff, a guest passenger in Charles Tillman's automobile, was thrown from the vehicle and sustained very serious and painful injuries. His injuries were nine fractured ribs, a ruptured liver, a punctured left lung with fluid in the chest necessitating removal by aspiration on three occasions, a broken left clavicle, a severe back injury including a deep wound immediately over the spine at the lower back, and multiple bruises, contusions and lacerations of the entire body. The permanent damages plaintiff has sustained consist of a twenty to twenty-five per cent impairment of the use of his lungs, adhesions of the lung to the chest wall, a weak back, overall loss of vitality, improper angulation of the left clavicle which will produce calcification and soreness in the left shoulder upon use of the left arm, a one and one-half inch scar at the base of his throat resulting from the necessity of performing a tracheotomy, an eight inch scar on his stomach, and increased susceptibility to lung and chest diseases and infections.
Plaintiff is a carpenter by trade, and his ability as such has been severely impaired as a result of the accident. This conclusion is borne out by his testimony and the testimony of his attending physician.
In addition, plaintiff sustained a loss of wages amounting to over $1,900 and his medical expenses exceeded $1,500.
A very significant incident occurred on the very morning of the accident, which took place in the afternoon around 5:40 P.M. The insured, Charles N. Tillman, while driving his automobile to work, applied his brakes and they locked, causing the car to veer sharply to the left and up on the neutral ground much as they did when they caused the accident. He applied the brakes several times thereafter to check them and found they operated to his satisfaction. He testified that he thought, after the test, that the incident had possibly been due to an oil slick. The plaintiff was riding in the car when the incident occurred and when the test was made.
The suit, instituted against both drivers and Fidelity Mutual Insurance Company, insurer of Charles N. Tillman, resulted in a judgment for the plaintiff against the Fidelity Mutual Insurance Company in the sum of $10,000, the limit of its liability under the terms of the policy, together with interest from date of judicial demand until paid and costs of suit. The defendant insurance company appealed from this judgment.
The defendant's grounds for appeal are that the plaintiff failed to establish negligence *123 on the part of Charles N. Tillman in support of the judgment and that, if it were negligent to drive the car, then, under the circumstances, the plaintiff was barred from recovery under the doctrine of assumption of risk, which had been especially pleaded.
The plaintiff, on appeal, urges the doctrine of res ipsa loquitur in support of the judgment and prays for statutory penalties and attorneys fees as provided for in LSA-R.S. 22:658.
There is a strikingly similar case in our jurisprudence in which the appellate court found that omissions equivalent to those of Charles N. Tillman in the instant case constituted negligence of a degree sufficient to justify a judgment for the plaintiff. In that case, Gordy v. Calcasieu Gin Co., Inc., 15 La.App. 408, 132 So. 277, 278, the defendant, knowing that his brakes were defective, continued to allow his agent to use his automobile. As the agent approached an automobile moving in his lane, he applied the brakes to avoid hitting it. When he did so, his automobile swerved to the left, due to the defective condition of his brakes, and collided with an approaching automobile.
In finding the defendant guilty of negligence and liable to the plaintiff in damages, the Court had this to say:
"That Guidry knew of the defective condition of the brakes on the Chevrolet coupe before the accident is borne out by the testimony of G. E. Welch, the mechanic to whom he intrusted his car for repair after the collision. This witness says that he told him to repair the damage done by the collision, and particularly requested that he look over the brakes, as they had locked on him that morning. The mechanic did examine the brakes and found such a defect as might cause them to lock at any time, and the car would then have a tendency to go to the left. This is just what happened at the moment of this accident. It was negligence, in view of this knowledge he had, for this agent of the defendant to operate the car in that condition on the highway, and, for his negligence, defendant is answerable for the damages occasioned by the collision."
Defendant cites the case of Anderson v. London Guarantee & Accident Co., La. App., 36 So.2d 741, 747, for the general rules of negligence found therein. Its contention, under these rules, is that the negligence of the insured was not reprehensible for the reason that the accident which actually occurred was not the probable or anticipated danger or consequence of the insured's negligence. However, it is difficult to imagine what could be more probable or anticipated, when one has knowledge that his brakes are, on occasion, pulling his automobile sharply to the left, than that they should do so again at an inopportune moment.
The insured testified concerning the first time the brakes locked that he "had fully intended should the car continue to grab to take it on and have Audubon Motors repair the brakes, but apparently, after trying it several timesabout four times" he was satisfied in his "own mind that possibly there had been some slick tar on the road back there that the opposite wheel had slid in and didn't make it have the same friction bearing." The insured owes the public a duty of reasonable care in the operation of his automobile upon the public thoroughfares. He failed to perform this duty when he neglected to have his brakes checked and repaired by a mechanic after he became aware that they were probably defective. The mere possibility that the incident had been caused by slick tar on the road does not relieve the insured of his duty to the public.
The owner and operator of the vehicle is chargeable with a higher degree of care than is a mere guest passenger. Actions which would constitute negligence on his part would not be tantamount to negligence on the part of his guest. The passenger, not driving the automobile and not being able to feel its response to brake and steering would certainly be unable to have such knowledge of the cause of the *124 near accident as would cause him to assume the risk of travelling in defendant's automobile with defective brakes. In addition, there was a lapse of several hours between the incident which occurred on the way to work and the accident which happened in the later afternoon in which the insured could and should have had the brakes examined and possibly repaired. The plaintiff was not in a position to supervise the insured's actions in this respect, nor to question concerning them.
It is not necessary to pass on whether or not the contract of insurance herein enforced is the type of contract covered by LSA-R.S. 22:658 for the reason that even if it were such a contract the penal clauses of this statute would not be applicable. The failure of the defendant to make payment within the designated period is not, in this case, arbitrary, capricious, or without probable cause.
It is therefore ordered that the judgment of the District Court be affirmed at the cost of the defendant-appellant.
On Application for Rehearing.
PER CURIAM.
Defendant-appellant in application for rehearing urges that interest on the sum awarded should run, not from date of judicial demand, but from date of judgment. It urges that the policy provisions so provide and should govern where the policy limit of $10,000 is exhausted by the judgment, citing Lowery v. Zorn, 184 La. 1054, 168 So. 297. Although this matter was not previously urged before us, apparently the judgment as prepared for signature by the District Court had provided for interest from date of judgment, but the able District Court before signing same changed it to provide for interest from "date of judicial demand".
The Lowery case relied upon by appellant is not applicable. Unlike the present direct action under LSA-R.S. 22:655, the defendant insurer (which had issued the policy in a State other than Louisiana) therein was not a party to the action, but subsequent to judgment was impleaded by way of garnishment.
Contentions identical to those raised by appellant herein were decided adversely in Le Blanc v. New Amsterdam Casualty Co., 202 La. 857,13 So.2d 245; Id., La.App., 8 So.2d 83, where the court held mandatory the legislative provision that in damage suits "Legal interest shall attach from date of judicial demand", LSA-R.S. 13:4203, and further held invalid the policy provision limiting interest to date of judgment rather than demand as in contravention of the just-quoted legislative provision, citing the Act incorporated in the Revised Statutes as LSA-R.S. 22:655.
Rehearing denied.