REID, Judge.
Plaintiffs Frank Thomas, Jr. and Mercedes Thomas filed this suit for damages against William Johnson and his insurer Lumbermen’s Mutual Casualty Company and Victor Wintz and his insurer The Travelers Insurance Company as a result of an accident in which both were injured. Plaintiff Frank Thomas, Jr., claims damages for pain and suffering and medical expenses for himself in the amount of $600.00 and as head and master of the community for medical expenses, and travel expenses in the amount of $1724.76 as a result of his wife’s injuries, making a total of $2324.76.
Mercedes Thomas claims damages for pain and suffering in the amount of $8000.00.
The accident happened on November 16, 1963 in the Town of White Castle in Iber- *488 ville Parish on Highway 69 between a truck operated by William M. Johnson in which the plaintiffs were riding as guests passengers and a Farmall tractor owned by Victor Wintz which was being operated at the time by Herman Plant. Plaintiffs alleged joint and concurrent negligence between both sets of defendants.
The Lower Court rendered judgment in favor of Frank Thomas, Jr., in the amount of $2324.76 and in favor of Mercedes Thomas in the full amount of $2675.24, both against the defendants William M. Johnson and Lumbermens Mutual Casualty Insurance Company, jointly and in solido with legal interest from judicial demand and all costs, and dismissed plaintiffs’ suit as to the defendant Victor Wintz and The Travelers Insurance Company. From this judgment the defendants William M. Johnson and Lumbermens Mutual Casualty Insurance Company prosecute this appeal.
The facts show that Frank Thomas, Jr. and Mercedes Thomas were in a truck with William M. Johnson and Olevia Thomas, a sister-in-law of the Thomas’s. They had been to a funeral and had stopped at the home of Gladys Dabney, mother of Mercedes Thomas, and had left the Dabney residence and backed out into Highway 69 at an angle almost covering the entire highway.
A tractor pulling two cane wagons, being two wheeled carts, and a tandem connection were coming north on Highway 69. The driver of the tractor, Herman Plant, was acting within the scope and during the employment of his duties as an employee of the owner of the truck, Victor Wintz. He was engaged in hauling the cane to a mill which was about one or two miles further and had to pass through the main street of White Castle to get to the sugar mill.
When he saw the Johnson truck back out into the highway he applied his brakes as best he could but the cane wagons began to jack knife and he had to release his brakes for fear of them turning over and turning the tractor over. He finally reapplied one brake and when he did the right front wheel of the tractor collided with the left side of the truck, the result of which plaintiffs received their injuries.
Damages as stipulated in the record and liability is admitted. The only question before this Court is the question of whether there was joint concurrent negligence or whether the negligence of Johnson was the sole and proximate cause of' the accident.
There is no question but what Johnson is guilty of negligence in backing out into the highway without making sure that the maneuver could be made safely.
Plant, the driver of the tractor testified that he was traveling about 15 miles an hour which was the top speed of the tractor. He further admitted that he had to have a good distance and apply his brakes before he could bring the wagons or carts and tractor to a stop, and further testified that when he got to the railroad tracks and started down the incline after crossing the tracks that he would have to go real slow and even then his tractor and carts would slide.
The Chief of Police of White Castle testified that Highway 69 was a main traveled thoroughfare. In addition it went through the main street of White Castle, Louisiana. We believe that the drive of this combination of vehicles down a main street of a town without any better braking facilities than was on the tractor was a dangerous and hazardous operation. The tractor had only two brakes on the two rear wheels, each had to be operated by a separate stop.
The appellees Travelers Insurance Company and Wintz rely on the provisions of Paragraph C of LSA-R.S. 32:53 which reads as follows: ,
“A. No person shall drive or move, or cause or knowingly permit any vehicle owned or controlled by him to be driven or moved, on any highway of this state, at any time, any vehicle or combination of vehicles which is in such unsafe conditions as to endanger any person or property, or which does *489 not contain those parts or is not at all times equipped with such lamps and other equipment, in proper condition and adjustment, as required in this Chapter, or which is constructed or equipped in any manner in violation of this Chapter, and no person shall do any act forbidden or fail to perform any act required under this Chapter.
B. * * *
C. The provisions of this Chapter with respect to equipment on vehicles shall not apply to implements of husbandry, nor to vehicles used solely in building highways when they are temporarily upon the highways, except as herein made applicable. These exceptions shall not exclude any vehicle or combination of vehicles not used primarily for this purpose, or ordinary commercial vehicles upon which are placed removable machinery for such purposes, or vehicles designed for the purpose of evading the limitations of this Chapter.” Italics added.
We are satisfied the provisions of Paragraph C of LSA-R.S. 32:53 do not apply to the vehicle owned by Wintz in. this case. This combination of a tractor with two cane carts are implements of husbandry which were temporarily upon Highway 69. This temporary combination was engaged in hauling cane to the sugar mill and this exception was drawn to fit this type of operation.
However, we do feel that Wintz and his driver are guilty of negligence in that this tractor was being operated on the Highway with a heavy load upon the carts and without the proper brakes and further operated at the top speed the tractor was capable of making just before the time of the accident. The driver therefore was guilty of negligence in operating the vehicle upon the Highway without proper brakes.
LSA:R.S. 32:341 reads in part as follows:
“Every trailer or semi-trailer of a gross weight of 3,000 pounds or more, when operated upon a highway of this state, shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle and so designed as to be applied by the driver of the towing motor vehicle from its cab * * *.”
The testimony in the record by the driver of the tractor was that there was approximately 8000 pounds of cane on the two carts, which is in excess of the gross weight of 3000 pounds or more provided by RS 32:341, supra. The brakes were admittedly inadequate to control the movement of the vehicle and this was a joint contributing factor to the accident.
Our Courts have held that the operations of a vehicle on a public highway without adequate brakes and with gross, inability to stop within a reasonable distance amounts to obvious negligence.
In Russo v. Aucoin, La.App., 7 So.2d 744, the Court held:
“(1) The proximate cause of an accident may be the negligence of one person or it may be the negligence of several people. If it is the negligence of several people, that negligence may be their joint negligence, that is, negligence in which they participate jointly, acting together, or it may be separate negligence by each of them which, combining together, produces the unfortunate result; the accident.”
“(9) It is negligence for one to drive an automobile with defective brakes. Act 286 of 1938, Sec. 9; Leutkenhoelter v. Clements, La.App., 2 Cir., 144 So. 262, 263.
“(10, 11) It is also negligence for one to drive a motor vehicle at a greater rate of speed than is prudent under the circumstances.”
In Fulco v. Lumbermen’s Mutual Casualty Company, La.App., 110 So.2d 871, the Court held:
“(4) A well recognized rule of law is that one who operates an automobile *490 with defective brakes is guilty of negligence if he continues to do so after he has become aware of, or in the exercise of ordinary care, should have become aware of the fact the brakes were defective. Woodward v. Tillman, La. App.1955, 82 So.2d 121; LeBourgeois v. Indiana Lumbermens Mutual Insurance Co., La.App.1958, 101 So.2d 720. The following quotation from Woodward v. Tillman is indicative of the responsibility so required of a motorist [82 So.2d 123] :
“ ‘The insured testified concerning the first time the brakes locked that he “had fully intended should the car continue to grab to take it on and have Audubon Motors repair the brakes, but apparently, after trying it several times —about four times — ” he was satisfied in his “own mind that possibly there had been some slick tar on the road back there that the opposite wheel had slid in and didn’t make it have the same friction bearing.” The insured owes the public a duty of reasonable care in the operation of his automobile upon the public thoroughfare. He failed to perform his duty when he neglected to have his brakes checked and repaired by a mechanic after he became aware that they were probably defective. The mere possibility that the incident had been caused by slick tar on the road does not relieve the insured of his duty to the public.’ ”
For these reasons we are of the opinion that the Trial Court erred in holding only Johnson and his insurer liable, and therefore it is ordered that that portion of the judgment rejecting plaintiff’s demands against Mr. Wintz and The Travelers Insurance Company be reversed and that they be held liable in solido with Johnson and his insurer, and in all other respects that the judgment of the Lower Court is affirmed.
Reversed in part and affirmed in part.