In this suit the plaintiff, Carl Forst, seeks to recover damages from the Travelers Insurance Company, the Baton Rouge Coca-Cola Bottling Company, Ltd., and Pierre v. Goudeau in the sum of $6,698.73 in his own behalf, and the further sum of $234.05 for the use and benefit of the Liberty Mutual Insurance Company.
The demand arose out of an automobile accident which occurred on March 12, 1941, on State Highway No. 29, leading from Donaldsonville to Napoleonville, near the Bon Secours Hospital, and about one mile north of Paincourtville. Plaintiff was traveling south in his new Chevrolet Master Sedan and at that point described on the highway, where there is a long, gradual curve, he ran into and collided with a car occupied by four negroes which was coming around the curve from the south.
In his petition he alleges that a narrow dirt road leads from the hospital in an easterly direction, until it joins State Highway No. 29, which is a private road or driveway, and from further allegations it is made to appear that it was obstructed from the view of a motorist approaching from the north by a number of trees with heavy foliage, thick shrubs and plants. He also describes the shoulder upon the eastern side of the highway, opposite the private driveway, as being, at the time of the accident, very narrow and flanked with a ditch that was filled with undergrowth, and both being very muddy, all of which prevented vehicles from being driven safely on that side of the road.
He then avers that just prior to the happening of the accident, the defendant, Pierre V. Goudeau, acting in the course and scope of his employment for the Baton Rouge Coca-Cola Bottling Company, Ltd., was driving a large truck from the hospital grounds eastward towards the point where the driveway joins the paved highway. That as he approached the private driveway, which he did not know was there, not knowing that there was a hospital located at this point, he was unable to observe and see the truck by reason of the obstructions referred to. As he neared the intersection at a moderate and reasonable rate of speed, the said truck suddenly emerged from the private road, and entered into a long sweeping right hand turn so as to head in a southerly direction on the paved highway. He avers that the truck driver did not stop before entering, as he was required to under the law, and neither did he give any signal of his approach by horn or otherwise. That as the truck swung back on the highway, in order to come back to its lane of travel, in the sudden emergency which thus confronted him, he attempted to stop his car by applying his brakes and swerved to his left to avoid striking the truck, but as he cleared its rear end, he then observed another vehicle going in a northerly direction in front of and approaching him. He avers that he had been unable to see this other vehicle sooner because of the gradual curve in the road and also because of the fact that the large and bulky truck had obstructed it from his vision after it had suddenly come on the highway in front of him. That when he first saw this third vehicle coming towards him, the distance between them was so short that he was unable to do anything to avoid the collision which then took place.
Plaintiff alleges that the accident was due entirely and solely to the gross carelessness and negligence of the driver of the truck, Pierre V. Goudeau, in the following respects: (a) In entering a public highway from a private road without yielding the right of way to a vehicle approaching on the said highway, in violation of Section 3, Rule 11 of Act 286 of 1938, the State Highway Regulatory Act, in effect at the time; (b) in driving a large and heavy truck on *Page 102 
to a designated through highway without bringing it to a full stop before entering; (c) in driving from a narrow private dirt road on to a paved highway without keeping a proper look-out for traffic; (d) in failing to see and heed his Chevrolet Sedan which was traveling lawfully and properly on the said paved highway and was plainly visible to him; (e) in driving the said truck completely across the center line of the said paved highway so as to completely block his path of travel; and (f) in entering from the said private road on to the public road without giving any warning signal whatever of his approach.
Plaintiff has itemized his demand in detail, the principal claim being for damages, physical pain and suffering brought on by an injury to his right knee, and the rest being all items incidental to and arising out of the said injury. He avers that his car was insured by the Liberty Mutual Insurance Company for all loss above the sum of $50 from damages; that he had been paid the sum of $234.05 under the policy which had been issued to him, and that the said Liberty Mutual Insurance Company had been subrogated to all rights of action which he might have against the defendants, as a result of which he made demand to that extent for the use and benefit of the said insurance company. The Travelers Insurance Company carried public liability insurance on the truck belonging to the Baton Rouge Coca-Cola Bottling Company, Ltd., and that is how the demand for the damages herein claimed is made against that defendant, in solido, with the others.
All three defendants filed a joint answer in which all of the allegations of negligence made against the driver of the truck are generally denied. It is admitted that prior to the moment of the accident, the defendant Goudeau, acting in the course and scope of his employment with the Baton Rouge Coca-Cola Bottling Company, Ltd., had driven the truck from the direction of the hospital towards the point where the road joins Louisiana State Highway No. 29, and it is averred, moreover, that he had proceeded for some distance down the said State Highway. It is further averred that as the said truck approached the highway it was plainly visible to motorists approaching it a great distance from the north and should have been seen by the plaintiff.
Setting out their own version of how the accident happened, the defendants allege in their answer that at approximately two thirty or three o'clock of the afternoon of March 12, 1941, the defendant, Pierre V. Goudeau, was driving the truck on the private driveway leading from the hospital on to State Highway No. 29, at a careful, prudent and reasonable rate of speed and that as he neared the point where the driveway intersects the highway, he slowed down, came to a complete stop and looked in both directions on the said highway. On observing no traffic which could interfere with his doing so, he drove his truck on to the highway and turned to his right and proceeded south thereon. That just as he entered or was about to enter the intersection, he noticed an automobile, which afterwards he identified as the plaintiff's, approaching from the north at least four hundred feet away from him, and that unknown to him at the time, said automobile was traveling at a grossly, excessive and illegal rate of speed. That the driver of the automobile apparently misjudged the speed of the truck and also the speed of the automobile which was approaching from the south and evidently pulled to his left in order to pass the truck. On observing the other car he applied his brakes but was then traveling so fast that he lost control of his car and collided head-on with the other automobile. The defendants then aver that the section of the State where this accident occurred is very densely populated and that the speed at which plaintiff was traveling, being over sixty miles per hour, was grossly excessive and dangerous, whereas the surface of the paved highway being wet and slippery at the time there devolved greater care and caution on his part in driving. All of this is pleaded as negligence on the part of the plaintiff himself which is alleged to have been the sole, proximate cause of the accident, and in the alternative, was also pleaded as contributory negligence on his part which bars his recovery.
On the issues thus made up the case went to trial in the lower court resulting in a judgment in favor of the defendants and against the plaintiff, rejecting his demand as well as the demand made by him for the use and benefit of the Liberty Mutual Insurance Company and dismissing the suit at his costs.
The two important charges of negligence made against the truck driver consist in his failure to have stopped before entering the highway and his making a long sweeping *Page 103 
curve after entering, which took him across the center stripe, thus causing plaintiff's lane of travel to be blocked. Whether he stopped his truck at the intersection is a disputed point in the proof. He, his negro helper on the truck with him at the time, and a witness named John Cavalier, who says he saw the accident from the drug store in the hospital, all state positively that the truck was brought to a complete stop. On the other hand the testimony of the plaintiff and that of the four negroes who were in the car approaching from the south, and who all saw the truck coming out of the private driveway, makes it doubtful that he did. Whether he made the long sweeping curve on the paved highway as described by plaintiff may also be said to be a matter of doubtful proof. We may assume, however, that he did, and that this act on his part as well as his failure to have stopped before going on the highway constituted negligence, and still under the conclusion we have reached regarding his own actions, plaintiff is barred from recovery because of his contributory negligence.
As we view them, the pertinent facts are as follows: By plaintiff's own admission the collision took place at a point forty feet south of the southern edge of the driveway. Whilst that doesn't necessarily mean that the truck had traveled that distance as seems to be contended on plaintiff's behalf, yet he himself admits that when the impact took place, the rear end of the truck was alongside the front end of his car, and it is not disputed that at that moment the truck occupied its side of the highway. Of the four negroes who were in the other car, two testified that the truck was just passing them when the collision took place, one of them says that it had gotten by them and the fourth says the collision took place at the rear end of the truck. Unquestionably therefore, even though the truck did make the wide sweeping curve on the highway upon entering, the proof is positive that it had righted itself after doing so and had traveled at least forty feet before the impact between the two cars took place either along its left rear end, or after it had already met the car which was approaching from the south.
It is not disputed that the truck was going very slowly, its speed being estimated at about ten miles per hour, at which rate it must have taken it two seconds or more to travel the forty feet from the south edge of the driveway. Plaintiff's car, on the other hand, was going at about forty or forty-five miles per hour and therefore was covering at least four times the distance in the time required for the truck to travel the forty feet after it had made its turn on the highway. Allowing for the reduction in his speed by the gradual application of his brakes, as he says, it would seem that plaintiff must have been one hundred and fifty feet or more away at the time. But he says that he first saw the truck when its front wheels were about ten feet from the paved portion of the highway and that being so, it is bound to have taken the truck another two seconds or more to travel those ten feet and then the nine feet or more across the paved slab, past the center stripe, and then make its turn to the south. It is reasonable to presume therefore that at that moment he was another one hundred and fifty feet further away, all of which would have placed him three hundred feet or more when he first saw the truck coming out of the driveway. Plaintiff testified that he stepped off the distance himself and found it to be seventy-five of his paces which by actual measurement developed into one hundred and eighty-one feet. The physical facts drawn from his own testimony seem to contradict him on this and it is a bit significant that on cross-examination, in answer to a question whether he was three hundred feet away when the truck was ten feet away from the road entrance, he answers in the affirmative without any attempt to have the distance changed to conform to his measurement. Considering that the truck driver estimates that he was about four hundred feet away when he looked in his direction before going on the highway, we think it is fair to conclude that plaintiff was at least three hundred feet when he first saw the truck and therefore had ample time in which to observe its movements and apprehend any danger incidental to its entering the highway.
Plaintiff states that he applied his brakes gradually and slackened his speed. If he kept observing the truck, however, as he should, he must have realized that it was not going to stop and why he did not do more than he says he did to bring his car under control in order to stop it, he has not satisfactorily explained. When pressed for an answer on that point, he states that he couldn't stop it because it was loaded *Page 104 
with samples and the road was wet. That being so, it strikes us that it would have been all the more reason for him to take more precaution than he did.
From the testimony of one of his own witnesses it would appear that he made no real effort to stop his car until he was about twenty feet away from the truck. This witness is a negro by the name of Wilbur Adams who was employed by plaintiff and was in his car with him. He says that he was reading as they rode along the highway and that he first was made aware of an impending accident by some remark made by the plaintiff, his application of the brakes and the sideways movement of the car. At that moment he estimates the distance they were from the truck as being twenty feet. The testimony of this witness is corroborated to some extent by that of A.P. Dominique, Deputy Sheriff of Assumption Parish, who arrived at the scene of the accident shortly after it happened and observed pronounced skid marks beginning a little past the driveway and running diagonally south across the paved slab of the highway and over the black stripe in the center.
In attempting to explain why it was he did not see the car which was approaching from the south before it was upon him, plaintiff at first would have it appear that the truck's position on the highway obstructed his view, but upon being pressed by questions propounded by the trial judge to state why he couldn't have seen it when, as he says, he first saw the truck ten feet away from the intersection and his view of the highway could not then have been obstructed, he answered: "There is a curve below the hospital, sir." Naturally the car being in the curve, he was unable to see it, and he was bound to block its path as he attempted to pass ahead of the truck. In doing so he violated paragraphs (c) and (d), Rule 7, Section 3 of Act 286 of 1938, in effect at the time of the accident, and under a further provision of paragraph (c), the responsibility therefor rested prima facie upon him. He has not rebutted the presumption of negligence thus imposed on him, and regardless therefore of any negligence there may have been on the part of the defendant, Goudeau, he is barred from recovery.
Counsel for plaintiff have cited several cases which we have carefully examined but in which the facts as disclosed, are not the same as we have found them to be in this case. In not one of them did the accident occur in a curve on the highway, whereas that is found to be the controlling fact in the present case. If any case is to be cited as being somewhat apposite we might refer to that of Russo v. Aucoin et al., La.App., 7 So.2d 744, involving an accident in a curve on the same highway as the one on which the present accident occurred and from the opinion in which we quote: "In our opinion, when a motorist's view ahead is obstructed by a curve in the road or any other obstruction, he should drive at a speed which will permit him to stop before arriving at any vehicle, person, animal or other obstruction in the road which may come into his view ahead of him as he travels and which may be either stationary, moving in the same direction he is moving, or crossing the road. For him to drive at a greater rate of speed than that under such circumstances is imprudence and negligence."
The judgment appealed from which dismissed the plaintiff's suit is correct and it is therefore affirmed at the costs of appellant. *Page 115