**WEBB v. HALLIBURTON OIL WELL CEMENTING CO. et al.**

**ATKINS v. HALLIBURTON OIL WELL CEMENTING CO.**

Civ. A. Nos. 3126, 3127.

United States District Court
W. D. Louisiana, Shreveport Div.

May 14, 1951.

Morelock & Morelock and M. M. Morelock, all of Haynesville, La., Johnson & Morelock, Max M. Morelock, all of Shreveport, La., for plaintiffs.

Browne, Browne & Bodenheimer, Shreveport, La., for defendants.

DAWKINS, District Judge.

These are suits against defendant Halliburton Oil Well Cementing Company, and its insurer, Continental Casualty Company, for damages alleged to have been inflicted upon plaintiffs in a collision of an automobile in which they were riding, with a truck belonging to the insured. The cases were consolidated for trial and tried by a jury which returned verdicts in favor of each plaintiff for identical sums of $17,000 each.

Defendants have moved for judgment in their favor notwithstanding the verdicts and, in the alternative, for new trials.

Atkins was the owner and driver of the car, and Webb was his guest. The automobile ran into the rear of a truck headed in the same direction and on the same side of the paved highway in which the plaintiffs were traveling. The latter contended the truck was moving slowly at the time and that another truck belonging to the insured suddenly flashed on its lights, which blinded the driver of the automobile, causing him to run into the rear end of the first truck; while defendants claim that the truck was parked disabled, partly on the

pavement on the right-hand side of the highway in the direction in which it was headed, with all necessary flares, lights, etc., properly placed, burning and shining. According to Atkins' own testimony, notwithstanding the absence of lights and flares, he saw the truck some 200 feet before reaching it, while his automobile was traveling at a rate of 30 to 35 miles per hour, which he did not slacken but pulled towards the center and left lane of the highway for the purpose of passing, when the headlights of the second truck of the insured were flashed on and blinded him. It was conclusively established that the truck had been disabled and was parked in the same position for several hours before the accident. There is dispute as to whether the flares, parking lights, etc., were placed and burning; but Atkins' own testimony, it is believed, convicts him of contributory negligence which bars his recovery. It was gross negligence for him not to have slowed down and passed the truck with his automobile under such control as to enable him to stop and avoid the collision, notwithstanding the contention as to sudden turning on of the headlights of the second truck. Admittedly, he was able to see the first truck, and no reason can be seen why, even with the lights out on the trucks, he could not have seen the second one on the opposite side of the highway as he steered his own car in that direction and threw his lights upon it. Within 200 feet at the rate he claims he was traveling, he should have been able to bring his automobile under such control as to avoid the accident. Admittedly, he did not do this, and his own negligence was a proximate cause of the accident. If he was traveling at a speed he could not stop or bring his car under control within the range of his vision, this was negligence. La.Act 286 of 1938, Section 3, Rule 7, paragraphs (c) and (d), LSA–RS 32:233, subds. C, D; Forst v. Travelers Insurance Co., La.App., 15 So.2d 100, and authorities cited therein.

There should be judgment in favor of defendants on his demand.

 Webb, as stated, was a guest, and the circumstances disclosed by the evidence do not, in this court's opinion, show him to have been in any sense responsible for the accident. If the first or loaded truck was parked where it stood, then it was a jury question as to whether the lights, flares, etc., were set out and burning; and this has been decided adversely to the defendants, which likewise makes them guilty of negligence which concurred with that of Atkins to cause Webb's injury, thereby rendering them solidarily liable, for such damages as were proven. It is the opinion of this court, however, that the amount allowed by the jury was greatly excessive, in view of the nature and extent of Webb's injuries shown by the evidence, and that the sum of $7000 would amply compensate him for the same. Unless this complainant shall enter a remittitur of the amount by which the verdict exceeds the sum of $7000, within twenty (20) days, a new trial will be granted.