### FINNEY v. BANNER CLEANERS & DYERS, INC., ET AL.

(March 10, 1930. Opinion and Decree.)
(April 7, 1930. Rehearing Refused.)
(May 5, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

John C. Hollingsworth, of New Orleans, attorney for defendants, appellees.

Eraste Vidrine, of New Orleans, attorney for plaintiff, appellant.

HIGGINS, J. This is an action to recover damages for personal injuries which plaintiff alleges he sustained on March 23, 1927, at 8:30 a. m., when he was suddenly, violently, and without warning struck from the rear by a heavy door or gate which one of defendant's . employees opened, causing him to fall in front of an auto-truck which ran over his left foot fracturing three of the metatarsus bones. The suit is against the owner of the truck and the owner of the property, which ~~~ also the employer of the party who opened the door, in solido.

The respondent owner of the truck was dismissed from the suit on an exception of no cause of action, on the ground that the allegations in the petition showed that the driver of the truck was free from fault or negligence. Plaintiff .did not appeal from this judgment.

The other defendant, which was the owner of the property where the gates or doors were located and the employer of the party who opened the gates or doors, filed an exception of no cause of action which was overruled. It then answered denying liability and pleaded contributory negligence on the ground that the plaintiff was negligent in failing to observe the doors or gates and in standing too close to them; and further pleaded assumption of risk on the ground that a building of the defendant was being repaired by third persons who used the alley and that plaintiff assumed the risk incidental thereto.

On the trial of the case on the merits there was judgment in favor of defendant

dismissing the suit, and plaintiff has appealed.

The record shows that there is a paved alley 11 feet 7 inches in width running from Camp to St. Charles street between Julia and St. Joseph streets, this city. The rear of defendant's property abuts the alley. Four years before the accident double solid doors or gates were constructed which opened into the alley. At the time of the accident, defendant was having its building repaired and remodeled, and plaintiff, a negro 64 years of age, was engaged as the foreman by the subcontractor who had a contract for repairing the roof on the building. It appears that the alley is a common one for the use of the owners of property abutting it, and that it is used both by vehicles and pedestrians. The plaintiff was engaged in preparing tar and necessary tools for the crew that was to go on the roof of the building and had taken these tools and buckets from a building on the downtown side of the alley, and observing that there was a truck coming into the alley from Camp street, he stepped across the alley to which he considered a place of safety. He placed the buckets on the ground and his back was towards the double solid gates or doors located on defendant's property. When the truck was in close proximity to him and while in a stooping position, the double doors or gates were suddenly, forcefully, and without warning opened, striking the plaintiff from the rear, causing him to fall in front of the truck, which ran over his left foot fracturing three bones. He was taken to the Flint Goodridge Hospital, where he was treated for his injuries.

Plaintiff is the only one who testified as to how the accident occurred. The party in the employment of the defendant who opened the doors or gates was not produced as a witness.

Plaintiff contends that as the employee of the defendant who opened the doors or gates knew that they opened outwardly and that the alley was a common one traversed by pedestrians and vehicles, he was guilty of negligence and carelessness in suddenly, without warning, and with force opening the door, through which he could not see, in disregard of the rights of those who might be using the alley, and therefore defendant is liable.

Defendant contends that it was not negligence on the part of its employee to open the doors or gates, as he could not foresee that anyone would be standing by them and that he did not owe the plaintiff any duty of anticipating his presence or that of the truck; that the plaintiff saw or should have seen the double doors or gates and realized that they might be used at any moment, and having assumed a position of danger, he was guilty of contributory negligence which bars his recovery; and that plaintiff assumed the risk incidental to the use of the alley.

If the doors or gates swung outward over the sidewalk and defendant's employee had suddenly without warning and with force opened them and injured a pedestrian, it is obvious that it would be a case of liability. It is equally plain that if the doors or gates had been opened in a similar manner and had struck someone who was riding on a vehicle passing at the time through the alley, the defendant would be liable. Can it be said that because the plaintiff was on foot the defendant did not owe him any duty to use precaution and care in opening the doors? We believe not. The plaintiff was lawfully in the alley. The defendant's employee knew that workmen were engaged in the

repair and remodeling of the building and were frequently using the alley where they were preparing the material for their work. He also knew that the doors or gates swung outward into a narrow alley. Defendant's employee was therefore at fault in opening the doors suddenly with force and without warning when he was unable to see if there was anyone passing or standing in front of the doors at the time. He failed to use such care and precaution as an ordinary prudent person should have exercised under the circumstances. Civ. Code, art. 2315; Civ. Code, art. 177; 45 C. J. 861.

Plaintiff testifies that he did not notice the doors, but even if he did notice the doors he would not be guilty of contributory negligence in failing to observe that the doors opened outwardly, or in assuming that if the doors were opened that the party opening them would give some warning and use precaution and care. He had a right to assume that the doors would not be suddenly, forcefully, and without warning, opened so as to knock him down. The plea of contributory negligence is not well founded.

We do not believe that there is any merit in the special plea of assumption of risk, as the party who opened the doors was in the defendant's dyeing and cleaning business and not employed in the repair and remodeling of the building. The risk was not incidental to the nature of the work that plaintiff was doing.

Defendant further contended that a reasonably prudent person could not have foreseen that a truck would be passing at the time that the doors were opened and that the plaintiff would be knocked into the path of the on-coming truck. It is immaterial that defendant's employee may not have foreseen or been able to foresee the particular consequences which followed his negligent act. "That the particular injurious consequence was 'improbable' or 'not to be reasonably expected' is no defense." Payne vs. Georgetown Lumber Company, 117 La. 983, 42 So. 475, 477.

"The fact that the accident that happened in this case was an extraordinary one does not relieve the defendant from liability. In Payne v. Georgetown Lbr. Co., 117 La. 983, 42 So. 475, where the negligent act of a servant of the defendant caused injury to the plaintiff, it was said to be no defense that the particular injurious consequence was unforeseen, improbable, and not to have been reasonably expected, so long as it was the natural consequence of the negligence of the defendant's servant. Quoting Wharton's Law of Negligence (2d Ed.) par. 77, it was observed that the consequences of negligence are almost invariably surprises; that a man may be negligent in a particular matter a thousand times without mischief; yet, though the chance of mischief be only one in a thousand, if the mischief or injury does occur, the person to whose negligence it is imputable is liable in damages." Atkins vs. Bush, 141 La. 180, 74 So. 897, 899, L.R.A. 1917E, 809.

"That accident resulting in death was exceptional, unnatural and unforeseen, does not relieve one, whose negligence caused it, from liability." Lasyone vs. Zenoria Lumber Co., 163 La. 185, 111 So. 670.

As to the quantum the doctor who treated plaintiff testified that an examination and x-ray picture showed that plaintiff suffered a fracture of the second, third, and fifth metatarsus bones of the left foot and he treated him for a period of ten months. The doctors also testified that the plaintiff was suffering from hyperarthritic neuritis of both legs which prolonged his condition of disability, but that he was unable to say that the neuritis was in any way attributable to the accident. The amount of damages, therefore, for the personal injuries will be limited to the actual injuries sustained as a result of the truck

passing over plaintiff's foot. Defendant was earning $27 per week and worked regularly.

We believe that the sum of $1,250 would be reasonable to cover the injury, pain and suffering, and loss of earnings. Plaintiff also claims the sum of $100 for doctor's bill, $3.50 for hospital fee, and $10 for x-ray picture. These amounts are uncontested and appear to be reasonable, and will therefore be allowed.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and it is now ordered that there be judgment in favor of plaintiff, Charles Finney, and against the defendant Banner Cleaners & Dyers, Inc., in the full sum of $1,363.50 with legal interest from judicial demand until paid. Appellee to pay all costs.