### No. 4009

### Second Circuit

### CRUZE v. HARVEY & JONES

(May 20, 1931. Opinion and Decree.)

J. R. Dawkins, of Farmerville, attorney for plaintiff, appellee.

J. W. Elder, of Ruston, attorney for defendant, appellant.

McGREGOR, J. This is a suit for $150, the alleged vaue of a mule belonging to the plaintiff. J. M. Cruze, the plaintiff, owned a farm on the highway running from Farmerville to Bernice, La., in Union parish. The defendant, a partnership, had the contract under the Louisiana highway commission to construct a certain portion of this road through the farm of the plaintiff, who had executed the necessary deed for the right of way through his farm. This new portion of road passed through the fenced pasture of plaintiff, in which, among other animals, he kept three mules. When the defendant was ready to begin work on the construction of this part of the road, it was necessary to cut this pasture fence in different places so as to provide openings to go in and out of the premises with trucks and other road machinery. Theretofore it had been customary under such circumstances to build a kind of "lane" along the right of way to prevent stock from escaping, but it does not appear that the contractor in this instance pursued this course. One of the defendant contractors testified that the building of this "lane" fence on both sides of the new road was let to the plaintiff and that the delay in building it was due to his fault. This contention seems to be fairly well established by the testimony. But even, though the delay in the building of the new fence along each side of the road may have been due to the fault of the plaintiff, he claims that until this fence was finished it was the duty of the defendant to keep closed the gaps made by it in the fence so as to prevent stock from, getting out and running at large. Very soon after the fence had been cut, three mules of the plaintiff escaped out of the pasture and the gaps were closed soon thereafter. As soon as the mules got out, they went to the home of plaintiff's son near by,

This son and his wife and one of his sons endeavored to catch the mules and succeeded in getting one of them into the lot. The other two ran off and, as it was late in the evening, no further effort was made to capture them and to bring them back home until the next day. The plaintiff and one or two young men continued to look for the mules for three days. One of them was found alive and the other was found dead in an old abandoned, unprotected well. Subsequently the plaintiff brought this suit against the defendant, claiming that it, through its agents and employees, negligently cut and left open gaps in the fence through which the said mule escaped, and that this act of negligence was the proximate cause of the death of the said mule.

Before answering, the defendant filed a plea to the jurisdiction ratione personae, which was overruled. Next an exception of no cause or right of action was filed, and this also was overruled. An answer was then filed, in which the defendant denied all negligence and alleged that it was necessary to cut plaintiff's fence and to leave the gaps open in order to carry on the work of building the road. It is further alleged that the plaintiff could and should have confined the mules in another inclosure that was on his farm, and that if the court should hold it was negligent to cut and leave open the gaps as it did, it was contributory negligence on the part of the plaintiff not to take the necessary precautions to keep his stock from escaping through the said gaps. On the issues as joined the case was tried, and judgment was rendered in favor of the plaintiff against the defendant partnership for $137.50, the amount plaintiff gave for the mule when he first bought it. The exceptions filed by defendant were properly overruled.

There are two questions to be determined in deciding this case, viz.: (1) Were the defendant's agents and employees guilty of negligence because of the mule in question escaping from plaintiff's pasture? And (2) if so, was this negligence the proximate cause of the death of the mule?

It is admitted that the defendant's agents and employees cut the gaps in the fence and that the mule escaped through one of them. Care should have been taken to prevent this, and if it was impossible to close these gaps each time any one passed through, then it was the duty of the defendant to post guards and to keep stock from entering or leaving the pasture. The fact that the mule escaped is proof of the negligence of the defendant in this respect. It is true that the plaintiff should have taken steps to protect his stock if he saw the danger they were being exposed to on account of this negligence, and his failure to do so under circumstances similar to these would be contributory negligence. But in this case it is not shown by the evidence that plaintiff knew of the actual cutting of the fence before the mule had escaped. Therefore, we hold that the mule escaped from the pasture because of the negligence of the agents and employees of the defendant without any contributory negligence on the part of the plaintiff.

It remains, therefore, to determine whether the negligence of the agents and employees of the defendant was the proximate cause of the death of the mule. "Proximate cause" has been defined as:

"That which immediately precedes and produces the effect, as distinguished from a remote, mediate, or predisposing cause; that from which the fact might be expected to follow without the concurrence of any unusual circumstance; that without which the accident would not have hap-

pened, and from which the injury or a like injury might reasonably have been anticipated; the efficient cause—the one that necessarily sets the other causes in operation; that which stands next in causation to the effect—not necessarily in time or space, but in causal, relation; the nearest independent cause which is adequate to produce and does bring about an accident; a continuous succession of events without an intermediate cause, so linked that they become a natural whole, unbroken by any new cause or undisturbed by any independent cause; and that which sets in motion the dominating agency that necessarily proceeds through other causes as mere instruments or vehicles in the natural line of causation to the result in controversy. 'Proximate cause,' it has been said, is one in which is involved the idea of necessity, and one from which the effect must follow, while 'remote cause,' although necessary for the existence of the effect, is one the existence of which does not necessarily imply the existence of the effect. A comprehensive definition, and one which is, perhaps, most often stated, is that proximate cause is any cause which in natural and continuing sequence, unbroken by any efficient intervening cause, produces the result complained of and without which the result would not have occurred." 45 Corpus Juris, Negligence, sec. 477.

Applying this definition of "proximate cause" to the death of the mule in this case, it cannot be said that the cutting and leaving open of the gap through which the mule escaped immediately preceded and produced the death, nor can it be said that it might have been reasonably anticipated that this mule, after escaping through this gap, would fall into an abandoned, unprotected, open well two miles away, about which the defendant had no knowledge. The cutting of the gap and leaving it open was not the efficient cause, and there was no causal relation between the act of negligence and the injury. The most that can be said is that it was the "remote cause" of the injury, and, indeed, it was very remote.

"Although a defendant may be negligent in the performance or omission of some duty owed to the person injured, no liability attaches unless such negligence was the proximate, rather than the remote, cause of the injury." 45 Corpus Juris, Negligence, sec. 478.

" 'Proximate' means, derivatively, 'next' or 'nearest.' In the law of negligence it means next in relation of cause and effect —the immediate efficient cause in direct chain of causation. 'Proximate' and 'remote' are the commonly used legal terms to distinguish between actionable and nonactionable negligence as the cause of injury." Godfrey v. Vinson, 215 Ala. 166, 110 So. 13, 16.

"The nearest independent cause which is adequate to, and does, produce the result, is the proximate cause of the accident, and supersedes all remote causes." Yeates v. Ill. Cent. Ry. Co., 241 Ill. 205, 89 N. E. 338.

The nearest independent cause which produced the death of this mule was the open, unprotected well, and this supersedes all other remote causes, among which may have been the open gap through which the mule escaped.

"To constitute proximate cause creating liability for negligence the injury must have been the natural and probable consequence of the negligent act. It is the cause which, unbroken by any intervening independent agency, naturally produces a given result. In other words, the negligence must be such that by the usual course of events it would result in injury unless independent moral agencies intervene in the particular injury. The proximate consequences of a negligent act must be within the range of probability as viewed by ordinary men, and consequences which are only possible cannot be regarded as either probable or natural." 45 Corpus Juris, Negligence, sec. 482.

413

The falling of this mule backwards into the well two miles away was not within the range of probability as viewed by ordinary men. It was most unexpected, very rare, and unusual.

There are hundreds of cases and authorities on the subject of "proximate cause," and it would be useless to cite them; but one of the most applicable we have been able to find is the case of Drum v. Miller, 135 N. C. 204, 211, 47 S. E. 421, 423, 65 L.R.A. 890, 102 Am. St. Rep. 528. In the course of its opinion the court said:

"For the purpose, therefore, of civil liability, in the law of torts, those consequences and those only, are deemed immediate and proximate or natural and probable, which a person of average competence and knowledge, being in the like case of a person whose conduct is in question, and having the like opportunities of observation, might be expected to foresee as likely to follow upon such conduct. This is only where the particular consequence is not known to have been intended or foreseen by the actor. If proof of that be forthcoming, whether the consequence was immediate or not does not matter. That which a man actually foresees is to him, at all events, natural and probable."

Could it be said that if plaintiff's mule had wandered into the city of Monroe and been killed by congested traffic on De Siard street, the defendant would be liable for damages for its death? We think not. By the same process of reasoning we conclude that defendant cannot be held in damages for the death of the mule caused by its falling in some unknown manner into an open, unprotected well two miles away.

For the reasons assigned the judgment appealed from is annulled and reversed, and the plaintiff's demand is rejected; the costs of both courts to be paid by the plaintiff.