This matter comes before us on appeal from judgment of the Eleventh Judicial District Court of Louisiana sustaining exceptions of no cause or right of action filed on behalf of all defendants and dismissing plaintiff's action as of nonsuit.
The allegations of the petition which are placed at issue as to their sufficiency in setting forth the cause of action in the exceptions referred to, and which set forth the facts upon which plaintiff's action is based, may be summarized as follows:
That about 9:00 p.m. on July 3, 1945, an employee of the defendants, Wheless and Fisher, (whose insurer is the defendant, *Page 515 
Lumbermen's Mutual Casualty Company of Chicago, Ill.) at the time engaged within the general scope and course of his employment, parked a pulpwood truck which he was driving on the right-hand side of highway No. 171, some twelve miles north of Mansfield, De Soto Parish, Louisiana;
That, while said truck was thus parked, a passenger car owned and driven by the defendant, Robert Joe Gunter, collided violently with the rear end thereof;
That the driver of the parked truck was guilty of negligence, imputable to his employers, on numerous grounds, specifically in parking the truck entirely on the highway without leaving a clearance of fifteen feet on the pavement; in failing to have warning lights on the parked truck; in leaving the truck parked on the highway, thereby constituting a menace to traffic, and in failing to set out flares, or to have same available and ready for service.
That the negligence of the defendant, Robert Joe Gunter consisted of driving and operating his automobile at an excessive, unreasonable and unlawful rate of speed; in failing to keep and maintain a proper lookout; operating his vehicle without adequate brakes; and failing to take any action to avoid the collision;
That the concurrent acts of negligence of the driver of the truck and the driver of the passenger car were the proximate causes of the accident;
That plaintiff seeing the collision ran to the scene thereof, succeeded in opening the doors of the badly damaged Gunter car, and, with the aid of another party, extricated both Mrs. Gunter and the defendant, Robert Joe Gunter, from the automobile, which had meanwhile caught fire;
That, in the effort to further assist the fatally injured Mrs. Gunter, plaintiff attempted to pull a floor mat out of the car to be used as a cushion for her head as she lay upon the roadside; that in the performance of this act plaintiff found a pistol on the floor of the car and handed the same to the defendant Gunter, who, being delirious and temporarily mentally deranged by reason of the shock of the accident, fired the pistol at plaintiff, the bullet passing through plaintiff's left ankle and inflicting serious injuries, for which damages are claimed in this action.
Defendant's exceptions, as directed at plaintiff's petition, are based upon the following points:
(1). That plaintiff's petition contains no allegation under which evidence of the existence of a sudden emergency would be admissible, and, as a consequence, no actionable negligence has been alleged.
(2). That the alleged negligence of the driver of the truck, employee of the defendants, Wheless and Fisher, was not the proximate cause of the injury to plaintiff.
(3). That the act of defendant, Gunter, which caused plaintiff's injury, was an independent, intervening cause which broke the causal chain flowing from the original negligence of the driver of the truck.
(4). That the injuries suffered by plaintiff were not reasonably to be foreseen or anticipated as a normal result of the alleged negligence of the driver of the truck.
[1] Appellees correctly contend that the established jurisprudence of the State of Louisiana requires the driver of an automobile to have his vehicle under such control as to be able to bring it to a complete stop within the range of his vision or the penetration of the lights when confronted by any obstruction or danger. But they argue, further, that since plaintiff did not predicate the allegation of his petition upon any theory of sudden emergency, the simple allegation of statutory negligence fails to set forth a cause of action. In support of this position appellee's counsel has cited the cases of O'Rourke v. McConaughey, La. App., 157 So. 598; Safety Tire Service v. Murov, 19 La. App. 663, 140 So. 879; Bordelon v. T. L. James Co., La. App., 148 So. 484, 485; Waters, et al. v. Meriwether Transfer Co., 18 La. App. 18, 137 So. 578; and Odom v. Long, La. App., 26 So.2d 709.
[2] Reference to the cited cases discloses the fact that all were tried on the merits and all deal with the question of contributory negligence or the doctrine of last clear chance as between the parties, drivers of the respective vehicles. We concede that *Page 516 
the authorities quoted would be applicable if the parties to this suit occupied a similar relationship, but it must be borne in mind that this is not such an action, but rather that plaintiff herein is a third party without any connection with the operation of either of the vehicles, and, therefore, entirely without concern or interest in the application of the doctrines of contributory negligence and last clear chance. For this reason, the cases cited have no application to the point raised.
[3] Plaintiff herein has properly alleged the concurrent negligence of the several defendants and there is ample authority in this State for the proposition that a third person may recover from either or all parties alleged to be guilty of concurrent negligence. Shields v. F. Johnson Son Co.,132 La. 773, 61 So. 787, 47 L.R.A., N.S., 1080.
[4] The rule is plainly stated in Comment (a) on page 472 of Volume 2 of the Restatement of the Law of Torts as follows: "A plaintiff who intervenes to rescue a third person is not affected by the fact that the third person has been a legally contributing cause in putting plaintiff in peril."
Determination of the issue of proximate cause must of necessity be considered with relation to the allied doctrine of intervening cause which is clearly material under the alleged facts of this case.
It is quite true, as contended by learned counsel for defendants, as a general proposition of law that only that negligence which directly causes the injury is deemed to be proximate. But a resolution of this point must perforce depend upon the particular facts of each case.
In the matter before us there are three elements that must be determined:
(a). Did the original negligence of the driver of the parked truck set in motion a chain of circumstances following consecutively one upon the other which led to plaintiff's injury?
(b). Was the act of original negligence superseded by an intervening act breaking the chain of causation leading to plaintiff's injury?
(c). Is the fact that plaintiff's injuries resulted from an improbable and unforeseeable incident sufficient to eliminate the original act of negligence from consideration as a proximate cause?
The answer to these queries will dispose of all the claims based upon the doctrines of proximate arid intervening causes and foreseeability.
Upon the basis of the allegations there is no room for any reasonable contravention of the proposition that the circumstances following the negligent parking of the truck down to the removal of the pistol from the car by plaintiff were natural, probable and reasonably to be expected. But at this point an imponderable enters into consideration. The rescuer hands a pistol to the rescued and is shot by the latter. Certainly under the general rule, this action could not be within the reasonable contemplation of any normal individual and the specific incident therefore could not be imputed to the negligent truck driver as a probable result flowing from his negligence. But, unfortunately, the proposition does not admit of being disposed of so easily, for it is well established in the jurisprudence of the State of Louisiana and a majority of other jurisdictions that the general rule must yield to specific instances.
Of course, no Court could reasonably hold that the driver of a vehicle, no matter how gross his negligence, could have contemplated the shooting of a third party as a normal and natural result of such negligence. Nor, indeed, could the rescuer himself be held to have assumed the risk of such a strange, unnatural and unusual result flowing from his gallant efforts.
But, if the results of accidents were normal, usual and predictable, the burden of both Bar and Bench would be made immeasurably lighter.
To determine whether or not the shooting incident is susceptible of being distinguished and set apart from the general law of proximate cause, we must base our conclusions not upon those elements which would be applicable as between parties to the collision itself but as affecting the injury inflicted upon an innocent third party, himself without fault.
Let us assume that plaintiff in this cause, rushing to the aid of helpless parties occupying the automobile involved in the collision, *Page 517 
in the darkness of night, and wrenching open the door of the vehicle, had been severely bitten by a dog which was accompanying the occupants of the car and which had been so frightened or injured by the shock of the collision as to have lost its accustomed gentleness. Could it be said that such a result was proximately caused by the negligence of the truck driver because such a possibility was normally an expectable or foreseeable result of such negligence? The answer is obvious. Scores of cars might have collided with the rear end of this particular truck on this particularly well-traveled main highway without producing such a result.
Similarly, the laws of probability were overwhelmingly against the occurrence of the character and nature of the incident and resulting injury to plaintiff under the actual facts of this case. But, certainly, plaintiff is without fault, and, certainly, the negligence of some party or the concurrent negligence of several parties combined to set up the unfortunate situation which resulted in his injury.
In our opinion the general doctrine of proximate cause cannot be applied under the alleged facts and chain of circumstances herein presented. Under the tenor of the allegations it is quite clear that plaintiff would not have been shot if originally the truck driver had not negligently parked his truck in such manner as to constitute a menace and hazard to vehicles rightfully traveling the highway.
[5] The proximate cause of the injury to one who voluntarily interposes to save the lives of persons imperiled by the negligence of others is the negligence which causes the peril. 19 A.L.R., page 13.
[6] In determining the question as to the efficiency Of the intervening act, that is, in this case, the shooting of plaintiff by one of the defendants, we must consider the well established principle that an intervening cause is not necessarily a superseding cause. The intervening cause, in order to supersede original negligence, must have alone produced injury.
Under paragraph (B) of the Comment on Section 440 of the Restatement of the Law of Torts this proposition is set forth: "Therefore, if in looking back from the harm and tracing the sequence of events by which it was produced, it is found that a superseding cause has operated, there is no need of determining whether the actor's antecedent conduct was or was not a substantial factor in bringing about the harm."
In the instant case there is no question but that in tracing back from the point of the actual, injury to plaintiff we would ordinarily be compelled to conclude that, the shooting by one of the defendants was unquestionably a superseding cause were it not for the allegation that the defendant inflicting the injury at the time was temporarily insane by reason of shock resulting from the collision caused by the initial negligence of the truck driver.
Section 455 of the Restatement of the Law of Torts submits the principle:
"If the actor's negligent conduct so brings about the delirium or insanity of another as to make the actor liable for it, the actor is also liable for harm done by the other to himself while delirious or insane, if his delirium or insanity.
(a). Prevents him from realizing the nature of his act * * *."
[7] We think it must logically and inevitably follow that under such circumstances the actor is not only liable for harm done in a fit of delirium or insanity by such deranged person to himself, but also for any harm caused by him to another.
In discussing proximate cause the opinion in Cruze v. Harvey Jones, 16 La. App. 409, 134 So. 730, 734, cited Yeates v. Ill. Cent. R. Co., 241 Ill. 205, 89 N.E. 338: "The nearest independent cause which is adequate to, and does produce the result, is the proximate cause of the accident, and supersedes all remote causes."
From this principle, with respect to the facts applicable to the case under consideration, the opinion stated: "The nearest independent cause which produced the death of this mule was the open, unprotected well, and this supersedes all other remote causes, among which may have been the open gap through which the mule escaped."
In Lee v. Powell Bros. Sanders Co., Ltd., et al.,126 La. 51, 52 So. 214, 216, the *Page 518 
Court said: "For severing the legal connection between the negligence by which such an imminent danger was created and the injury that has resulted from it the intervening voluntary act of some person responsible for his acts would have to be shown."
In every consideration of the point which has come to our attention in the study of this case, the qualities of the relieving or superseding act are repeatedly and unfailingly designated as being intervening and voluntary, by a person responsible for his acts.
[8] Since we must accept the well pleaded allegations of the petition as being true for the purpose of determining the exception, we are constrained to hold that plaintiff has met the requirements established by these several factors and has negatived the possibility that the act which immediately resulted in the harm was the voluntary action of a person responsible for his acts.
Under the allegations of the petition it is inescapable that plaintiff has properly alleged that the defendant Gunter was mentally deranged and rendered temporarily insane as the result of the collision of his car with the parked truck. Plaintiff by his allegations has further definitely asserted that such a condition was brought about by the concurrent negligence of the several defendants. In order to affirm the holding of the lower court it would be necessary for us to find that the temporary insanity of the defendant Gunter, which led to the shooting, was not caused by the collision. Clearly, this is a question of fact to be determined by trial on the merits, and, meanwhile, any conclusion must be governed by the plain allegations of the petition.
Any attempt to determine at what point, with relation to the actual injury to plaintiff, the negligence of the original actor, namely, the driver of the truck, ceased and a new and independent tortious act intervened and superseded the original negligence, conclusively impresses us with the impossibility of such a severance of causes. The chain is complete and whole, link by link, and though tested with the utmost care no break is revealed in the succession of circumstances.
The consecutive order of the related circumstances and events may be briefly outlined:
(1). Negligence of the truck driver in parking his truck on the highway, resulting in
(2). Collision, superinduced by the concurrent negligence of the defendant Gunter, resulting in
(3). (a). attempted rescue by the plaintiff.
(b). Temporary mental derangement of the defendant Gunter as a result of the Shock of the collision, resulting in
(4). The shooting of plaintiff and the injury sustained thereby.
If there is any break in the continuity of the incidents flowing from the original act of negligence, we are unable to point out such a circumstance.
[9] Finally, consideration must be given to the application vel non of the general rule that one is not responsible for those particular injurious consequences which are unforeseen, improbable and not reasonably to have been expected to result from the original act of negligence.
[10] We think it is well established that the general doctrine of foreseeability is not applicable to the extent of relieving one who sets in motion, through the agency of a negligent act, a chain of circumstances leading to the final resultant injury. In Payne v. Georgetown Lumber Co., Ltd.,117 La. 983, 42 So. 475, 477, the Court said:
"That the particular injurious consequence was 'improbable' or 'not to be reasonably expected' is no defense. Wharton, Law of Negligence (2d Ed.) § 77. The same writer says:
" 'The fact is, that the consequences of negligence are almost invariably surprises. A man may be negligent in a particular matter a thousand times without mischief; yet, though the chance of mischief is only one in a thousand, we would continue to hold that the mischief, when it occurs, is imputable to the negligence.' " *Page 519 
This expression of opinion has been adhered to in Atkins v. Bush 141 La. 180, 74 So. 897, L.R.A.1917E, 809; Davis v. Hochfelder, 153 La. 183, 95 So. 598; Lasyone v. Zenoria Lumber Co., 163 La. 185, 111 So. 670; and Finney v. Banner Cleaners 
Dyers, 13 La. App. 101, 126 So. 573.
We make no attempt to minimize the unusual and improbable character of the incident which is alleged to have occurred in the case before us.
The facts set forth are additional evidence of the truth of the adage that "truth is stranger than fiction".
We do not believe that the theory of foreseeability is applicable to the facts of this case. Referring again to the Restatement of the Law of Torts, we find in Section 435 a plain and unambiguous statement of the principle which refutes the requirement of foreseeability: "If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable."
[11] In our opinion the original act of negligence alleged upon is so inextricably interwoven with the subsequent occurrences involved that it cannot be disassociated from any of them. Nor can we consider, in the light of the authorities cited, the act of a temporarily insane or deranged person as being such a character of an independent, voluntary and responsible action as would stand alone as the proximate cause of plaintiff's injury.
While the burden of this opinion has been concerned with the question of negligence of the defendants, employers of the truck driver, and their insurer, the reasons advanced apply even more strongly and with greater force in maintaining plaintiffs right and cause of action against the defendant, Gunter.
For the reasons assigned, the judgment appealed from is reversed and set aside, and there is now judgment overruling the exceptions of no cause or right of action filed on behalf of all defendants and remanding this cause to the District Court for further proceedings. The costs of this appeal are to be borne by defendants and all other costs are to await final determination of the suit.
 On Rehearing.
A rehearing was granted herein restricted to the defendant, Robert J. Gunter, by reason of the fact that said defendant's counsel made showing in his application that he had failed to receive any notice of the fixing of this case for hearing, as required under the rules of this Court.
All the facts in connection with this cause have been fully set forth in our original opinion herein.
On rehearing it is urged that the exceptions of no cause and no right of action filed on behalf of this defendant should be sustained on the ground that this Court has applied the general common law rule instead of following "the general rule of law under the Louisiana jurisprudence and the civil law"; on the further ground that the rescue had been effected prior to the incident involving the shooting of plaintiff, and, finally, that by his own allegation plaintiff was guilty of contributory negligence in that he handed the pistol, which was the instrumentality by means of which he was injured, to the defendant, Gunter, knowing said Gunter's condition, to wit, that he was temporarily insane or mentally deranged from shock.
As to the first point to which counsel directs his complaint of error, we admit our inability to follow the process of reasoning upon which distinguished counsel bases his argument. We made a considered attempt to analyze all of the law applicable to the matter before us, and in reviewing our opinion we find nothing which indicates any disregard of any so-called "general rule of law under Louisiana jurisprudence and the civil law". Learned counsel urges that the Louisiana law is different from that of the common law but he does not advise us as to the authorities upon which he relies for this assertion. The only case cited in this connection by counsel for defendant is Yancey v. Maestri, La. App., 155 So. 509. *Page 520 
The question presented in the cited case was clearly stated in the opening paragraph of the opinion of Judge. Higgins, who was the organ of the Orleans fourt of Appeal, as follows: "This appeal presents, for the first time in this state, a question of whether or not an uninterdicted insane person, who, without cause or provocation, shoots and seriously wounds an innocent person, can be held liable for damages in court under the provisions of the Civil Code of Louisiana."
A careful reading of the exhaustive opinion makes it at once apparent that it is in no sense applicable to the case before us in which plaintiff predicates his right to recovery not on an injury inflicted by an insane person, but, rather, upon an injury inflicted by one whose own negligence brought about a temporary condition of mental derangement.
The initial negligence of the defendant, Gunter, is specifically set forth in Articles 16 and 17 of plaintiff's petition. As a result of his own negligence the defendant temporarily lost the power of reason. In other words, the basis of plaintiff's demand is that this defendant, being sane, was guilty of negligent acts which contributed to a chain of causation eventually resulting in injury to plaintiff.
[12] In advancing his second contention, namely, that the rescue had been effected and plaintiff's actions in that connection were at an end before the shooting incident transpired, we find that counsel is attempting to draw entirely too fine a distinction, and that he is quibbling as to the principle involved. To say that a man who had assisted in removing two persons from a wrecked and burning automobile, after depositing one of them upon the roadway, should have immediately ceased all further efforts in extending aid and comfort, would be to pronounce a doctrine which we do not believe counsel intended. Considering the fact that plaintiff's further acts were designed to give aid and comfort to defendant's dying wife, a holding that his rescue efforts had terminated would be so harsh and inhumane as to preclude such a conclusion.
[13] The basis for the third and final argument advanced by zealous counsel, on the point that plaintiff was guilty of contributory negligence by reason of the fact that he handed the weapon, with which he was injured, to a man whom he knew to be insane, is not sustained in any degree whatsoever by a reasonable interpretation of the wording of plaintiff's petition.
Defendant specifically refers to Article 23 of plaintiff's petition which alleged that "the defendant, Gunter, being delirious and out of his mind, and suffering from temporary derangement of intellect * * *", as indicating that the plaintiff knew Gunter's condition to be as described at the time of handing him the pistol. We cannot find any basis upon which such a conception can be substantiated. Plaintiff in his petition has plainly and unequivocally set forth the fact that Gunter's condition was brought about as the result of his own negligence. At no point has plaintiff alleged that he knew Gunter's condition at the time, and to accept the averment pointed out as being indicative of plaintiff's knowledge of such facts at the time related, would be assuming an interpretation wholly unjustified and unsupported.
In conclusion we can only reiterate the observation which we made in our original opinion herein: "While the burden of this opinion has been concerned with the question of negligence of the defendants, employers of the truck driver, and their insurer, the reasons advanced apply even more strongly and with greater force in maintaining plaintiff's right and cause of action against the defendant, Gunter."
For the reasons assigned our original opinion herein is reinstated and made the judgment of this Court. *Page 521