This is a suit for damages by plaintiff, William I. Lynch, against Harry Fisher, *Page 693 
Roger E. Wheless, their insurer, Lumbermen's Mutual Casualty Company, and one Robert Joe Gunter. There was judgment in favor of plaintiff in the sum of $1,185.00, from which judgment all defendants have appealed. Plaintiff has answered the appeal, praying that the judgment be amended by increasing the amount allowed him to the sum of $3,685.00.
With certain exceptions, which are hereinafter particularly noted, the material facts in the unusual train of circumstances involved in this suit are undisputed.
On July 3, 1945, at or near the hour of 9:00 P.M., one Ira Adkins, who was a Negro employee of defendants, Wheless and Fisher, was driving a pulpwood truck of said defendants north on highway 71 at a point some 26 miles south of Shreveport. Encountering some mechanical difficulty in the operation of the motor, Adkins brought the truck to a stop on the right-hand side of the paved portion of the said highway. While Adkins and a companion, who was a fellow employee, were attempting to start the truck or to push the same off of the highway, but while it was still occupying the greater portion of the right-hand lane, a car driven by the defendant, Robert Joe Gunter, who was accompanied by his wife, collided violently with the rear of the truck. The force of the impact knocked the truck some 30 feet more or less to the right and caused the Gunter car to carom off of the heavier truck to the left of the highway. The violence of the collision, which practically demolished the front portion of the Gunter car, jammed the doors in such manner that Gunter and his wife were imprisoned in the car. The plaintiff, Lynch, whose home was located adjacent to the highway very near the point of the collision, accompanied by two of his friends who were visiting at his home, rushed to the scene of the accident. The Gunter car had caught fire and Lynch immediately attempted, by raising the hood and tearing loose the ignition wiring to avert the burning of the car and its occupants. He next proceeded, after the left-hand car door of Gunter's automobile had been pried open by another party, to aid one of his companions in removing Mrs. Gunter from the car. They laid Mrs. Gunter on the roadside and proceeded to aid Mr. Gunter to extricate himself from the burning car. Observing that Mrs. Gunter was seriously injured, plaintiff, Lynch, turned back to the car with the avowed intention of removing the cushion therefrom in order that the injured woman might be made more comfortable. In the course of beginning this operation plaintiff noticed a revolver on the floor of the Gunter car, which he removed and handed to the defendant, Gunter, after which he turned back to complete the purpose in mind. Gunter, unquestionably shocked and temporarily deranged as the result of the terrible collision and the obvious serious injury to his wife, who subsequently died, pointed the pistol toward Lynch and fired. The bullet passed through plaintiff's left ankle, inflicting serious injuries, for which he seeks recovery in this suit.
This case has been before this Court on exceptions urged by defendants, Lynch v. Fisher, et al., La. App., 34 So.2d 513. The principal issues, which primarily involve questions of law, have again been presented to this Court on behalf of defendants by way of defense. They were thoroughly considered on original hearing and again on rehearing by this Court, and our findings were set forth in detail in the opinion in the case cited supra. We will not burden this opinion by again reviewing the reasons which we have heretofore advanced in support of our conclusion, and which are equally as appropriate to the merits as to the exceptions, there being no change in the effect of the facts adduced on trial.
The points covered in the several defenses urged deal with:
(1). The denial of negligence of the driver of the logging truck as the proximate cause of the accident;
(2). Insistence upon the negligence of defendant, Gunter, as the proximate cause;
(3). The contention that the negligence of defendant, Gunter, was an independent intervening cause;
(4). The claim that the incidents which resulted in injury to plaintiff were unforeseeable. *Page 694 
On the basis of the above contentions defendants, Wheless, Fisher and their insurer, urge reversible error. The defendant, Gunter, bases his appeal on the ground that he was not guilty of contributory negligence.
As to the initial negligence of the driver of the logging truck, the established facts admit of no dispute. It is not seriously contended that the truck driver was not negligent, but rather, it is urged that his negligence was not the proximate cause of the accident.
The facts adduced on trial conclusively show that the truck was largely parked on the paved portion of the highway in such fashion that it obstructed the major part of the right-hand lane on which the car driven by defendant, Gunter, was proceeding; that the truck remained so parked for a period of 15 minutes, more or less, prior to the collision; that the truck had no tail-light nor any other warning signal on the rear end thereof; that no flares had been set, nor was any attempt made to flag approaching or following traffic. Under these facts there is no question as to the gross negligence of the truck driver.
Bearing upon the question of the contributory negligence of defendant, Gunter, we find the following facts to be established: That Gunter was driving at a reasonably fast rate of speed which, however, was not excessive under the circumstances; that, noting the approach of an automobile from the opposite direction, he dimmed his lights; that he was on a slight downgrade; that he did not see the truck until he was within a few feet thereof; that he attempted, in vain, to avert the accident by turning to the left; that his car crashed into the truck, the point of impact being slightly to the left of the center of the rear end.
Under these facts, in conformity with the well established general rule, it follows that Gunter was guilty of contributory negligence unless the circumstances indicate that he comes within one of the exceptions which have been established by our jurisprudence.
Under the line of exceptions which has been developed rather recently by the appellate courts of this State, and which are particularly exemplified in Gaiennie v. Cooperative Produce Co., Inc., La. App., 199 So. 377, and Rea v. Dow Motor Co., La. App., 36 So.2d 750, our courts have inclined to take into consideration a number of factors, among which may be particularized the locality of the accident, the position of the parked vehicle, the nature of the vehicle, and the operation and effect of lighting equipment.
Thus it is to be observed that no longer can we be entirely influenced to a conclusion by the simple considerations of speed, location, or even the duty of seeing what should be seen. If, under particular conditions and circumstances, the duty of seeing what should be seen is rendered difficult of observation by reason of the fact that little could be seen, the doctrine of contributory negligence is thereby minimized and softened in its application.
Under the facts of the instant case we are inclined to the conclusion that they more nearly comport with those observed in the Gaiennie case, cited supra, than any other authority. The logging truck, which was in use and which caused the hazard, was a skeletal body at best, not easy to be perceived by the driver of a vehicle approaching from the rear. Parked as it was at somewhat of an angle without that bulk or outline which customarily serves as a warning by very virtue of its mass, the silhouette presented to a following driver was not of such nature as to impel and focus his attention. Further, considering the proper dimming of lights on the Gunter car and bearing in mind the fact that the location was not such as would have indicated an obstacle of the nature which was presented, we readily perceive that the facts in this case aptly lend themselves to a conclusion which exonerates the defendant, Gunter, of the charge of contributory negligence.
Having determined the gross negligence of the truck driver and, on the basis of the reasons above expressed, having vindicated Gunter of any contributory negligence *Page 695 
there can no longer be any merit in the contentions of the other defendants as to this intervening and superseding cause which led to plaintiff's injury.
As to the arguments with respect to the doctrine of foreseeability, etc., we confess that we have heretofore exhausted our limited abilities and capacities and find nothing new which we might add to the opinion expressed in the case above cited. Lynch v. Fisher, La. App., 34 So.2d 513.
However, we call attention to the fact that a rescuer is favored in the eyes of the law. Certainly it would be difficult to imagine a clearer case of devotion and service to one's fellowman than that which is evidenced in plaintiff's actions in the instant case. Unquestionably, the prompt and efficient action of plaintiff resulted in the removal of two unfortunately trapped and imprisoned fellow-beings from a burning automobile which might well have proved their funeral pyre. The facts show that the automobile completely burned after the rescue had been effected. It is beside the point that the actions of plaintiff and his companion did not serve to prevent the death of Mrs. Gunter, for the fault was not theirs.
On behalf of defendants, Fisher, Wheless and the insurance company, counsel urgently argues that the defendant, Gunter, was neither shocked nor temporarily deranged by the effect of the accident.
Careful and repeated examination of the record has served to confirm us in an opposite conclusion. In our minds there is no question as to the fact that Gunter was so shocked, so deranged, as to have been temporarily insane to such degree as to be unanswerable for his acts. The instances of apparent lucid questions and answers at sporadic intervals following the accident, which are urged by counsel in support of his contention, are not of such import as to support a conclusion of sanity.
The fact and the manner of the shooting are conclusive. In this connection we have particularly observed counsel's somewhat ingenuous argument which is epitomized in the following extract from his brief before this Court.
"We suggest to the Court that what actually happened was that Mr. Gunter knowing that his wife was hurt pretty badly and thinking that Mr. Lynch, the man who helped him out of his car was the person who had either blinded him or was the driver of the truck, and that in anger at the injury caused to his wife, he intentionally shot Mr. Lynch to repay him for what he thought was an injury inflicted upon his wife by Mr. Lynch."
The flight of fancy in which counsel has indulged does credit to his imagination but violence to his sense of logic.
Additionally, counsel urged a claim of contributory negligence on the part of plaintiff, predicated upon the claim that Lynch, in conversation with Gunter some months after the incident, made the observation that at the time he handed the weapon to Gunter he debated whether he was to be trusted with its possession and control. The only support of this claim is found in testimony of Gunter, which, however, was not definite and convincing, but to the contrary. The point was stoutly and positively denied by plaintiff, Lynch. We think that Gunter's testimony in this respect was vague and uncertain and, certainly, it failed of any substantiation or corroboration to an extent which would have made it acceptable as proof.
As to the quantum we note that our brother of the District Court appeared to have been influenced to some degree by the fact that plaintiff failed to introduce medical testimony in support of his claims as to the nature and effect of his injuries. In this connection it is apparent that plaintiff does not claim any permanent injury and certainly the nature and effect of his injury, the pain, suffering, inconvenience and loss of earnings as a result thereof, are overwhelmingly substantiated by uncontradicted evidence.
Plaintiff's leg was placed in a cast for a period of some ten days; he was on crutches for at least thirty days after removal of the cast; was unable to work for three months; suffered considerable pain and discomfort during this entire period in which he was compelled to take *Page 696 
sedatives for the relief of pain and to induce sleep, and, according to his uncontroverted testimony, was still suffering pain at the time of the trial of the case more than three years subsequent to the injury. The judgment of the District Court allowed the sum of $1,000.00 for "pain, suffering and loss of time from work", with the additional amount of $185.00 representing expenditures for doctors and hospital services.
The answer to the appeal prays for an increase in the amount of the judgment to $3,685.00.
Plaintiff's testimony as to loss of earnings is absolutely uncontradicted. It is too well established to necessitate citation that a plaintiff is entitled to recover loss of earnings so long as they are not of a speculative nature.
Plaintiff, a real estate salesman, testified with respect to his earnings by months from January through June, the six months immediately preceding his injury. These earnings were itemized as follows:
January $512.52 February 1,417.00 March 1,185.00 April 690.00 May 505.00 June 1,010.00
Recapitulation of these amounts shows that plaintiff averaged slightly less than 900.00 per month for a considerable period of time immediately preceding the injury. In July, August and September he earned nothing, being incapacitated by reason of the injury. It is zealously contended by counsel for defendants that he could have earned something during this period; that he could have impressed his wife into his service as chauffeur to drive him and his prospects in the inspection of real estate. This argument is somewhat far-fetched and completely speculative. No evidence of any practical effect or probative value was introduced by defendants in this connection. Counsel may urge that a real estate salesman is not necessarily dependent upon the full use of both legs, but this again is purely argumentative.
The same scale of earnings for a considerable period following his return to work, that is between $800.00 and $900.00 per month, were established by the uncontradicted testimony of plaintiff.
On the basis of the facts adduced we are of the opinion that the amount of the judgment awarded plaintiff should be increased. Clearly, plaintiff is entitled to the $185.00 representing medical and hospital expenses. In addition, we think an award of $750.00 covering pain and suffering would be reasonable, and an additional amount of $1,800.00 for loss of earnings over a period of some three months, more or less, would be commensurate with the loss suffered.
For the reasons assigned, the judgment appealed from is amended and recast as follows:
It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, William I. Lynch, and against the defendants, Harry Fisher, Roger E. Wheless, Lumbermen's Mutual Casualty Company of Chicago, Illinois, in solido, in the full sum of $2,735.00, with legal interest thereon from date of judicial demand until paid. It is further ordered, adjudged and decreed that there be judgment in favor of the defendant, Robert Joe Gunter, rejecting plaintiff's demands.
All costs of both courts are assessed against the defendants-appellants Harry Fisher, Roger E. Wheless, and Lumbermen's Mutual Casualty Company of Chicago, Illinois.
TALIAFERRO, KENNON and HARDY, JJ., sitting. *Page 697