HARDY, Judge.
This is a tort action for the recovery of damages in the nature of physical injuries. Made defendant is the insurer of Willis-Knighton Memorial Hospital in Shreveport. Plaintiff prosecutes this appeal from a judgment sustaining defendant’s exceptions of no cause and no right of action.
The only allegation in plaintiff’s original petition bearing upon his cause of action represented that, while a patient at the named hospital on or about May 2, 1960, he was injured by reason of the hospital’s negligence
“ * * * in permitting a dangerous condition to exist in his room; that a large dresser drawer was left open causing petitioner to seriously injure his back.”
In response to an exception of vagueness plaintiff amended his original petition by asserting a number of specific allegations, among which, inter alia, were the representations that during his entire stay at the hospital as -a patient the plumbing in his room was out of order, making it necessary for him to use bathroom facilities in the hallway; that as he was preparing to leave the hospital and return home he made use of the hall bathroom; that upon reentering his room he observed a nurse exhibiting the patient’s chart to his wife; that as he squatted beside these parties to see his chart
“ * * * he struck the lower part of his back on the edge of the bottom ■ drawer of the dresser which had been pulled out by an employee of the said hospital during petitioner’s absence from his room; that petitioner had not thought of looking behind him to see if the bottom drawer was closed * * (Emphasis supplied.)
Summarizing his allegations of negligence against the hospital, plaintiff asserted in his amended petition that such negligence consisted of the following:
“(a). In permitting the plumbing in petitioner’s room to remain out-of-order for an unreasonably excessive length of time, thereby making it necessary for petitioner to use the bathroom .facilities down the hall, and forcing petitioner to leave his hospital room; ’
“(b). In attempting to prepare petitioner’s room for another patient before petitioner had left the hospital, and particularly in creating a potentially dangerous condition in petitioner’s room while he was necessarily absent therefrom by opening and permitting to remain open the bottom drawer of a metal dresser which was so placed that it was invisible to persons entering the room ;
“(c). In not affording petitioner, a paying patient in the Willis-Knighton Memorial Hospital, the high degree of care required under the law.”
To plaintiff’s original and amended pleadings defendant interposed the exception of no cause and no right of action predicated upon the contention that plaintiff’s petition affirmatively showed that the accident was caused when he sat upon the corner of a dresser drawer, which dresser was not hidden nor concealed; that no official of the hospital had notice of any existing dangerous condition and failed to remedy the same within a reasonable time, and that plaintiff failed to use his faculties, particularly that of sight, which would have disclosed the open drawer. The several contentions enumerated above are summarized in the claims that no actionable *319 negligence on the part of the hospital was alleged, and, alternatively, that plaintiff’s petition disclosed his own contributory negligence as being the proximate cause of the accident.
We are unable to find any possible direct or effective connection between the lack of plumbing facilities in plaintiff’s room and the accident. Plaintiff’s counsel relies upon the pronouncement in Lynch v. Fisher et al., La.App., 34 So.2d 513; Id., La.App., 41 So.2d 692 (2nd Circuit, 1949), to the effect that an intervening cause, in order to supersede original negligence, must have alone produced the injury. Upon the converse of this principle it is argued that the two alleged acts of negligence on the part of the hospital, that is, the failure of the plumbing in plaintiff’s room and the actual occurrence of the accident, combine to constitute the proximate cause of plaintiff’s injury. We cannot follow this line of reasoning. It is evident from the allegations of plaintiff’s pleadings that the failure of the plumbing in his room had endured during his entire stay in the hospital, and it is nowhere alleged that plaintiff objected to or complained of this condition. Nor does it appear that such condition had even a remote relationship to the incident which resulted in plaintiff’s injury.
It is argued that one of the hospital nursing employees engaged herself during plaintiff’s absence from his room, on the occasion in question, in preparing the room for its next occupant and that her negligence in opening a drawer of the dresser was the direct cause of the accident. We cannot construe this act in itself as negligence, since the large drawer was clearly visible and should have been easily perceived by plaintiff in the exercise of reasonable care; Lafitte v. Grain Dealers Mutual Insurance Company, La.App., 121 So.2d 774 (2nd Circuit, 1960), citing and quoting from Alexander v. General Accident Fire and Life Assurance Corporation, La.App., 98 So.2d 730. Counsel for appellant has cited, numerous cases involving the obligation of the proprietor of a business to keep aisles and passageways free from obstructions or hidden hazards. It is superfluous to point out the fact that the accident which is the basis of the suit before us did not occur in an aisle or hallway and the instrumentality was not hidden, but, on the contrary, was readily observable.
Additionally, we are in accord with the argument that plaintiff’s petition clearly discloses his contributory negligence which effectively bars recovery.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.