GULOTTA, Judge.
This is an appeal from a jury verdict in favor of Shirley M. Farris and against New Orleans Public Service, Inc. in the sum of $10,809.24 including special damages as well as damages for injury, pain and suffering.
The plaintiff was a passenger on a New Orleans Public Service, Inc. bus operating on South Claiborne Avenue and driven by an employee, Joel H. Rousselle. The bus was on the Lake side of South Claiborne Avenue traveling in the direction of Napoleon Avenue and it stopped at the bus stop on the corner of South Claiborne and Melpomene Streets in order to permit passengers to egress and ingress. As the bus started accelerating forward, it struck an automobile driven by Perry J. LeBlanc, a co-defendant, while he was attempting to negotiate a right turn into Melpomene from South Claiborne in front of and around the bus. The plaintiff was standing preparatory to departing from the bus at the next bus stop, according to her testimony, when the said bus collided with the right rear of the LeBlanc automobile causing the bus to come to an abrupt stop. The plaintiff suffered injuries as a result.
In the trial court the jury rendered a verdict in favor of plaintiff, Shirley M. Farris, and against the New Orleans Public Service, Inc. and further exonerated LeBlanc from any negligence. The matter was dismissed as against him and his liability insurer, Liberty Mutual Insurance Company.
New Orleans Public Service prosecutes this appeal on several grounds. The first is that if the bus driver, Rousselle, was negligent, the negligence of LeBlanc was the proximate cause of the accident and hence liable in damages as a co tort-feasor. That, further, Liberty Mutual, LeBlanc’s liability insurer, is liable. The second, and alternative contention, is that the jury award to the plaintiff is excessive and should be materially and appreciably reduced. Liberty Mutual Insurance Company answers the appeal seeking to have the judgment of the trial court affirmed insofar as it exonerates their insured of any negligence.
The plaintiff also appeals from the verdict and seeks to have the jury award for personal injuries increased to $20,000 contending that the amount of damages assessed was insufficient and should be substantially increased.
*337 There are two questions which this court must consider on appeal. The first is:
(1) Was the act of LeBlanc such that he is a co tort-feasor since his action may have been the proximate cause of the accident or was there a transition of time or events which exonerates him if there was in fact any negligence in the first place since his negligence was not continuous to the moment of the accident and hence not the proximate cause?
(2) Did the evidence reflect by a preponderance of evidence that the plaintiff was suffering from an alleged ulcer and, if so, was the alleged ulcer a pre-existing one aggravated by traumatic injury or was the alleged ulcer caused by the injury received by the plaintiff?
In connection with the first question presented here, i. e., the question of liability, the record reflects that the driver of the bus, Mr. Rousselle, was unable to appear at the trial for the reason that he was suffering from a severe heart condition. However, Officer Charles Emmons of the New Orleans Police Department who arrived on the scene in connection with the accident investigation stated:
“The driver of the bus, I recall the incident perfectly, he told me he thought when he was pulling forward he would clear Mr. LeBlanc’s vehicle and he misjudged and didn’t, hit the vehicle.”
The record reflects further that the bus driver pleaded guilty in the Traffic Court for the City of New Orleans to a violation of “improper start”.
It appears from the testimony that the LeBlanc automobile had almost negotiated the turn into Melpomene Street from South Claiborne Avenue and that the driver of the bus was negligent in failing to use reasonable precaution prior to the forward movement of the bus. It appears from the testimony herein that were he to have looked in the direction of his forward acceleration and would have accelerated at a reasonable rate of speed, that the accident would not have occurred.
After a finding that the bus driver was negligent, we concern ourselves with whether the action of LeBlanc was such as to make him liable. In the case of Houston Fire and Casualty Insurance Company v. Trahan et al., 214 So.2d 182, this court in a matter similar to the case herein found that the driver who started from the stopped position was negligent and dismissed the matter as against the other party. In its opinion on page 184 the court stated:
“Considering the extremely short distance between the parked service station truck and the subsequent point of impact, young Lusk could not have been alerted to the fact that the service station truck would proceed in his path or direction. He was traveling at a reasonable rate of speed and observing traffic conditions ahead of him. The service station truck left its parked position only 10 or 15 feet from the point of impact and suddenly came into Aris Street without warning of any kind, an action which young Lusk reasonably could not have anticipated. We are of the opinion that the accident was caused solely and only by the negligence of the service station truck operator”.
The record in this matter reflects that the bus had traveled approximately 10 or 15 feet immediately prior to striking the Le-Blanc automobile.
The Supreme Court of the State of Louisiana in Ruthardt v. Tennant, 252 La. 1041, 215 So.2d 805, said in citing Home Gas and Fuel Company v. Mississippi Tank Company, 246 La. 625, 166 So.2d 252, 255:
“To be actionable the cause need not be the sole cause, but it must be a cause in fact, and to be a cause in fact, it must have a proximate relation to the harm which occurs and it must be substantial in character”. •
*338 On page 810 in the same case the Supreme Court distinguished between negligence per se and negligence which is continuous to the moment of the accident. Using the rationale of the Ruthardt case, if the negligence was negligence per se but not continuous to the moment of the accident and was not substantial in character, then it could not have been the proximate cause.
This we find to be the situation in the instant case. Assuming that the negligence of LeBlanc was negligence per se, the record reflects that it was not continuous and, therefore, did not constitute a proximate cause of the said accident.
In the case of Russo v. Aucoin, 7 So.2d 744, the Court of Appeal on page 747 said:
“When the negligence of one person alone is the sole proximate cause of an accident, he is liable to anyone who suffers injury to his person or damage to his property as a result of the accident. When the negligence of several persons, whether their joint negligence or their separate negligence combines to form the proximate cause of an accident, the negligence of each one of them is one of the proximate causes of the accident, and he is liable to anyone who suffers injury to his person or damage to his property as a result thereof.” Arnold v. Griffith, La.App., 2 Cir., 192 So. 761, 763.
Accordingly, one guilty of' negligence at the time of or prior to an accident is not responsible for damages resulting from the accident if his negligence was not a proximate cause of the accident. Martin v. Jonesboro Drug Co., 2 Cir., 7 La.App. 262; Cruze v. Harvey & Jones, 2 Cir., 16 La.App. 409, 134 So. 730, 732; Bethancourt v. Bayhi, La.App., Orleans, 141 So. 111, 113; Bordelon v. T. L. James & Co., La.App., 2 Cir., 148 So. 484, 486; Hataway v. F. Strauss & Son, La.App., 2 Cir., 158 So. 408, 411; Jacobs v. Williams, La.App., 2 Cir., 160 So. 861, 862, 863; Austin v. Baker-Lawhon & Ford, La.App., 2 Cir., 188 So. 416, 419, 420.
Considering the above, the court is of the opinion that the jury rightfully found the bus driver negligent and exonerated Perry J. LeBlanc and his liability insurer, Liberty Mutual Insurance Company, that the negligence of LeBlanc if it did in fact exist or was negligence per se was not continuous to the moment of the accident and therefore not the proximate cause of the accident.
It appears that the findings of fact of the jury in exonerating LeBlanc is consistent with the evidence as reflected by the record, and in the absence of manifest error the trial court’s finding of fact and the evaluations of credibility should not be disturbed on review unless found to be clearly erroneous. West v. Ryder Truck Lines, Inc., La.App., 218 So.2d 106, Guillory v. Employers Liability Assurance Corp., La.App., 217 So.2d 794; Hoyt v. Holsum Cab Company, La.App., 217 So.2d 198.
We do not find manifest error herein on the question of fact as it relates to the question of negligence.
In connection with the next question posed for our consideration, that is whether or not the jury award was excessive or insufficient, the record reflects that the plaintiff, Shirley Farris, suffered contusions of the jaw, right shoulder, the back, 7th, 8th, 9th, and 10th ribs anteriorly on the right. She suffered further a contusion of the right knee and a sprained left ring finger. In addition, she sustained a small laceration of the right hand and a contusion or laceration of the great left toe.
The evidence further reflected that the plaintiff was being treated over an extended period of time by Dr. Randolph Bi-la for symptoms in connection with gastrointestinal complaints including severe pains in the stomach such as are manifested consistent with an ulcer.
It is axiomatic that before recovery can be had that a preponderance of evidence show the existence of the injury in the first instance and secondly that there is causal *339 connection between the injury and the accident or that there was a pre-existing condition aggravated by the accident.
In Williams v. Bologna Brothers, Inc., La.App., 194 So.2d 131, 134, the court stated that “it is not sufficient for the plaintiff to make his claim out to be probable * * * ” And at page 135 in Williams the court added that “An award may not be based on mere possibility * * * ”
“The mere fact that a certain diseased condition might consistently arise from the injury is insufficient to show that it was caused thereby.” 25 C.J.S. Damages § 27.”
Citing Crier v. Marquette Casualty Co., La.App., 159 So.2d 26, the court in Lambert v. State Farm Mutual Automobile Insurance Company, La.App., 184 So.2d 107, 111, stated:
“ * * * probabilities, surmises, speculations and conjectures can not be accepted as sufficient grounds to justify recovery to a plaintiff who is charged with the burden of proof.”
The record reflects that x-rays taken at Algiers General Hospital were negative for ulcer; however plaintiff still manifested symptoms similar to those of persons who suffer with ulcers. She was referred to Charity Hospital. The plaintiff told Dr. Bila that she had been diagnosed as having an ulcer at Charity Hospital. However, Dr. Bila did not see the x-rays at Charity nor did he consult the Charity Hospital record. Apparently, he relied on Mrs. Far-ris’ report of the findings at Charity Hospital. However, x-rays at Charity did not confirm the existence of an ulcer.
Dr. Bila testified that there is probably a relation between the trauma of the accident and the complaints relating to the abdomen and that an ulcer can be caused by traumatic injury. However, this depends on a number of facts. Whether it was due in this case or not he could not say. He did say, however, that he thought that an ulcer could be precipitated by trauma, stress, and strain.
The record reflects further that Mrs. Farris had no prior history of ulcers and that she was receiving treatment from Dr. Bila for stomach discomfort. We fail to find evidence either from the hospital records or from Dr. Bila that the presence of an ulcer actually existed.
Dr. Bila’s testimony:
Q. As I understand it, whether ulcers present in this case are caused by trauma, I believe your words were you can’t say?
A. Correct.
Dr. Bila instituted treatment for stomach discomfort, consistent with an ulcer, despite the fact that, according to his testimony, he had not consulted the Charity Hospital reports. However, there appears to be no preponderance of evidence to indicate that Mrs. Farris did in fact have an ulcer and if in fact she did have an ulcer that the said ulcer was caused as a result of the injury or trauma from the said accident or that there was evidence of a preexisting ulcer aggravated by the accident.
Because the plaintiff has failed to show the existence of an ulcer, the assessment of damages should necessarily be reduced, Thiel v. Kern, La.App., 34 So.2d 296.
However, the record reflects that Mrs. Farris did suffer severe and prolonged pain as a result of the injuries sustained by her. She complained of soreness about the entire body, of dizziness, and of a feverish condition. She further complained of pain in the abdomen, legs, knee, and ribs. She continued to complain of pain in the back and neck up to the time of the trial.
Dr. Alldredge examined Mrs. Farris in the early part of October, 1965, approximately two months after the accident and his examination showed no disability at that time and it was his opinion that she was able to return to work. Dr. Alldredge testified, however, that the plaintiff did not *340 complain of pam m the abdomen but did complain of pain in other areas of the body. He found nothing significant relative to fracture or bone injury. Dr. George Mor-lier in his testimony confirmed tenderness in the knee, jaw, fingers, and fist.
The court, after considering all of the above and with particularity the multiple contusions, abrasions, and laceration to numerous parts of the body of the plaintiff, measuring from lesser degree to a greater degree, is of the opinion that exclusive of any consideration of an ulcerated condition the plaintiff did suffer painful and multiple injuries. Accordingly, the amount of the award for personal injuries sustained by Mrs. Farris should be reduced from $10,-000 to $6,000.
For the reasons assigned the judgment appealed from is amended only to the extent of reducing the award for injury, pain, and suffering in favor of the plaintiff, Mrs. Shirley Farris, from $10,000 to $6,000. As thus amended and in all other respects the judgment appealed from is affirmed. The cost of the appeal is to be paid by plaintiff-appellee.
Amended and affirmed.