HARDY, Judge.
Plaintiffs, insured and insurer, instituted this suit for the recovery of damages to plaintiff’s automobile. The original petition named a number of defendants, all of whom, however, have been eliminated with the exception of the defendant, Scalia. Plaintiffs appeal from judgment rejecting their demands against the said defendant.
The accident which gave rise to this litigation occurred about 8:30 a. m. on February 12, 1958, on North Sixth Street in Monroe. Plaintiff’s Ford automobile was parked on the east side of the said street. A car, owned and driven by Scalia, made a left turn from its northbound course into a private driveway leading to a parking lot on the west side of the street. In the course of this operation the Scalia automobile was struck by a southbound car driven by one Edell Canady, an employee of Lennon Motor Company, which vehicle, after skidding 105 feet prior to impact with the Scalia car, ricocheted, continued to skid sideways *317 across the street to the east and collided with plaintiff’s car at a point some additional 81 feet distant, inflicting the damage complained of.
There is no real dispute as to the facts. Unquestionably, the car driven by Canady was moving at a grossly excessive rate of speed and was completely out of the control of the driver at the time of the collision with the Scalia car, as well as with the parked vehicle belonging to plaintiff. The speed zone at the site of the collision is limited to twenty-five miles per hour, and we think it is clear from the established circumstances that the car driven by Canady was moving at a speed in the neighborhood of some two or three times the legal rate. The investigating police officer, who reached the scene of the accident almost immediately after its occurrence, testified that the Scalia car had entered the driveway and lacked only about two and one-half feet of entirely clearing the street.
Plaintiff’s learned counsel urgently contends that the defendant, Scalia, was guilty of negligence in attempting to execute a left turn in the path of the speeding Canady vehicle. Upon the basis of this conclusion, it is contended that this act of negligence was a direct, contributing and proximate cause of the initial impact, and that such negligence continued as a proximate cause of the collision with, and ultimate damage to, plaintiff’s automobile. In support of this contention counsel cites well established and accepted principles and authorities, embracing, inter alia, the cases of Lynch v. Fisher, La.App., 34 So.2d 513; La.App., 41 So.2d 692, and Gay v. United States Fidelity & Guaranty Co., La.App., 76 So.2d 60.
While we are completely in accord with the principles of law and the validity of the authorities cited in support thereof, we think counsel’s contentions must utterly fail because of the error of his major premise, that is, the establishment of negligence on the part of the defendant, Scalia.
According to Scalia’s testimony he stopped before beginning his turn across North Sixth Street and observed the approach of the Canady car, some 200 feet distant, but considered that he had more than sufficient time to complete his crossing of the west half of the street and into the driveway. In the light of this testimony, that of the investigating police officer and the established physical circumstances we think any conclusion of negligence on the part of Scalia to be completely unjustified.
Our examination of the record in this case has served to convince us, beyond any question of doubt, that the accident and resulting damages to plaintiff’s automobile was solely and proximately causéd by Can-ady’s gross negligence.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.