SAMUEL, Judge.
These four suits were consolidated for trial in the District Court and for argu *183 ment here. They arise out of the same accident, a collision between a Texaco service station truck and a Louisiana Department of Highways pickup truck. Although the record contains multiple interventions and third-party pleadings, we will consider only those parties, pleadings and parts of judgments which are involved in these appeals,
The respective plaintiffs are three employees of the Highway Department, passengers in the Department’s vehicle who were injured in the accident, and Houston Fire & Casualty Insurance Company, compensation insurer of the State of Louisiana, the latter seeking reimbursement for compensation paid to the three individual plaintiffs. The three defendants in each of the four suits are: the driver of the Texaco vehicle; the service station owner; and the latter’s liability insurer, The Aetna Casualty & Surety Company. Those original defendants filed a third-party petition seeking contribution from three third-party defendants: Joel P. Lusk, father of the Highway Department driver who had been a minor when the accident occurred but subsequently was emancipated by marriage ; Joel A. Lusk, the Highway Department driver; and The Employers’ Liability Assurance Corporation, Ltd., liability insurer of the Highway Department as omnibus insurer of the elder Lusk.
Payment was made by Aetna to the three individual plaintiffs, satisfying their claims for personal injuries. Aetna also paid the Department’s compensation insurer 75% of the amount it had paid the three guest passengers as compensation. All parties potentially liable stipulated the settlement to all plaintiffs was fair and payment by Aetna was made without prejudicing Aet-na’s rights against those parties.
Thereafter trial was held on Aetna’s third-party demand for contribution. The trial court found both drivers guilty of negligence which contributed to the accident and rendered judgments against the three third-party defendants, the two Lusks and Employers’, awarding Aetna one-half the amount the latter had paid in settlement to all plaintiffs. The third-party defendants have appealed. The issue before us is whether young Lusk, the driver of the Highway Department truck, was guilty of any negligence proximately causing the accident.
Evidence offered at the trial consisted of: testimony given by the service station truck driver, the owner of the service station and the investigating deputy sheriff; the depositions of young Lusk and the three individual plaintiffs which were introduced by consent; photographs of the scene; and copies of the several insurance policies involved. Two of the individual plaintiffs were riding in a covered portion of the Highway Department truck and did not see the collision. The other individual plaintiff occupied the truck’s front seat with the driver; he saw the service station truck moving in his direction just before the impact. There are few discrepancies in the testimony of the witnesses and we are satisfied the accident occurred as follows :
Young Lusk and the three plaintiffs were working on the same job. Just before noon on the day of the accident they were in the Highway Department pickup truck, with young Lusk driving, going to a restaurant for lunch. The restaurant was on the corner of Veterans Highway and Aris Street in the Parish of Jefferson on the same side of the highway as, and on the opposite corner from, the Texaco service station, the two places of business being separated by Aris Street. Aris was a secondary, shelled roadway which intersected, and extended for only one block north of, Veterans Highway. Traffic on Aris was very light because there were only two or three houses on the street behind the service station and the area was used largely for restaurant parking.
The pickup truck was on Veterans traveling in a westerly direction in its ex *184 treme right lane of the three-lane portion of the highway reserved for westbound traffic. As he reached the area of the service station young Lusk slowed his speed to 5 miles per hour or less and turned right into Aris. When he had almost completed the turn his truck was struck on or near its right rear fender by the front of the service station truck. The impact occurred in a shelled area on the Aris Street roadway.
The service station truck had been parked in its customary place in the service station area only 10 to IS feet from where the collision occurred. The driver of that truck was waiting for traffic to clear on Veterans; he intended to enter the highway for the purpose of answering a road service call. Approaching traffic was to his left and he looked only in that direction until just before the impact. He saw the Highway Department truck approach and, as traffic was clear to the rear of that truck, he “stepped on the gas” and proceeded towards the highway. He assumed the pickup truck had passed and because he looked only to his left he did not see it slacken its speed and turn right into Aris. Although the paved apron of the station led directly into the highway, he drove his vehicle over part of the shelled shoulder to the right of the apron in order to angle into westbound traffic on Veterans by cutting through a portion of Aris. When he looked ahead after “stepping on the gas” the pickup truck was directly in front of him and the collision occurred.
Young Lusk testified he did not notice the service station truck until his front seat passenger warned him of its approach. At that time the other vehicle was only about 5 feet away and the collision could not be avoided. He explained he failed to notice the service station truck sooner because he was observing traffic conditions in front of his vehicle, particularly since there were many cars near the restaurant for the noon lunch hour.
The trial judge concluded that had young Lusk kept a proper lookout he would have seen the service station truck approaching with its driver looking in another direction, oblivious to the pickup truck, and Lusk then could have avoided the accident. We are unable to agree with this conclusion.
Considering the extremely short distance between the parked service station truck and the subsequent point of impact, young Lusk could not have been alerted to the fact that the service station truck would proceed in his path or direction. He was traveling at a reasonable rate of speed and observing traffic conditions ahead of him. The service station truck left its parked position only 10 or IS feet from the point of impact and suddenly came into Aris Street without warning of any kind, an action which young Lusk reasonably could not have anticipated. We are of the opinion that the accident was caused solely and only by the negligence of the service station truck operator.
For the reasons assigned, the judgments appealed from are reversed only insofar as they cast the appellants-third-party defendants and it is now ordered, adjudged and decreed that there be judgment in favor of said third-party defendants, Joel P. Lusk, Joel A. Lusk and The Employers’ Liability Assurance Corporation, Ltd., and against the third-party plaintiffs, Edward Herron, Donald C. Trahan, d/b/a Trahan’s Texaco Service Station, and The Aetna Casualty & Surety Company, dismissing said third-party demand at the cost of the third-party plaintiffs in both courts. In all other respects the judgments appealed • from are affirmed.
Reversed.